## FARR v. DELAWARE, L. & W. R. CO.

### Clv. 23-466.

District Court, S. D. New York.

March 30, 1944.

Louis N. Jaffe, of Brooklyn, N. Y., for plaintiff.

John E. Morrissey, of New York City (Harold J. Gilmartin, of New York City, of counsel), for defendant.

HULBERT, District Judge.

There are two motions by the plaintiff:

1. To take "the testimony of the defendant, by its officers and managing agents to wit, J. G. Enderlin, Secretary and Treasurer, Clement D. McMahon, Foreman, Master Mechanic in charge of East Binghamton Roundhouse and other supervising officers and agents having charge of the maintenance, operation and control of the said Roundhouse and the engines contained therein" pursuant to Rule 26 et seq., Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, at a designated time and place in Brooklyn, New York.

The defendant moved to vacate or modify the notice on the ground that it does not name or sufficiently describe "other supervising officers and agents"; that the oral depositions of J. G. Enderlin and Clement D. McMahon may not be taken at the place and in the County provided for in plaintiff's notice.

It should be stated at the outset that the Rules make a distinction between directing the appearance of a party for examination and a witness.

Attendance of the latter can only be required and compelled by subpoena. It does not sufficiently appear that McMahon is anything more than a witness, and since he resides at East Binghamton, New York, approximately 185 miles from New York City and his duties are restricted to the Roundhouse of the defendant railroad located at East Binghamton, and further considering the importance of his employment in relation to the operation of the road under existing conditions, it is not felt

that he should, and in fact there is some doubt if he can be required to attend in New York City unless the defendant is willing to produce him here. Rule 45(d) (2) reads, in part: "A nonresident of the district may be required to attend only in the county wherein he is served with a subpoena, or within 40 miles from the place of service, or at such other place as is fixed by an order of court."

The examination of Mr. Enderlin might better take place at the Company's office in New York County.

If, as, and when the plaintiff ascertains the names of any other persons whom she may desire to examine, she may secure their attendance by subpoena or by the service of an additional notice, if they stand in the legal relationship to the defendant, of parties.

The plaintiff applies for an order permitting her attorneys to "examine, photograph and survey the premises and equipment involved in this action and to examine and copy the defendant's records and documents referred to in Exhibit A" annexed to the motion papers.

Since the accident occurred approximately three years ago, the defendant objects to the examination, photographs and survey. This point does not appear to be well taken.

Of course the examination and survey can only be made, and photographs can only be taken of conditions as they exist at the present time, but testimony may be offered therefrom to show by comparison what the conditions were at the time of the accident, and that portion of the motion will be granted subject to the usual conditions imposed upon the authority of Gimenes v. New York & Porto Rico S. S. Co., D.C., 37 F.2d 168.

The defendant's attorney does not object to the production by the witness Enderlin of books, records and papers except those of a confidential nature

The plaintiff is entitled to see any report which was made by any officer or employee made in the regular course of the performance of his duty in relation to the happening of the accident out of which this action arises. But any statement or other information acquired by or through the direction of counsel after notice of the accident and in furtherance of his preparation for the defense of the action, may be regarded as confidential, unless and until the same is presented to the court for examination and a specific ruling made with respect thereto.

Orders may be submitted on notice, unless agreed upon as to form:

(a) Modifying the notice, and

(b) Permitting the examination, photographs and survey of the premises and equipment involved in this action in accordance with this opinion.