### COMPAGNIA DI NAVIGAZIONE MAURITIUS ROME
### v.
### KULUKUNDIS et al.
### THE MALMOHUS.
### No. 20067.

United States District Court
E. D. New York.
July 13, 1954.

Nelson, Healy, Baillie & Burke, New York City, Allan A. Baillie, New York City, and Richard T. O'Connell, New York City, for libellant.

George J. Hammerman, New York City, for respondent Paragon Oil Co., Inc.

BYERS, District Judge.

This is a libellant's motion to vacate a respondent's notice of taking the deposition "of the libelant by the Master of the M/S Malmohus or any other officer whom it is able to produce, who has knowledge of the facts, pursuant to the Federal Rules of Civil Procedure [28 U.S.C.A.] (as provided in Admiralty Rule 32 of the United States District Court for the Eastern District of New York) * * *."

The action is for demurrage against the charterer, and the cargo-owner who gave the above notice; there are subcharterers who have been impleaded by the former.

The libellant is an Italian corporation, and the Master during the voyage in the course of which the claim arose, is said to be no longer in its employ.

Since the Master was not named in the notice, the latter need not be vacated for such reason. The requirement touching "any officer", etc., is broad enough to comprehend either an officer of the ship, or of the libellant corporation, provided "he has knowledge of the facts." Surely the libellant knows what witness it intends to rely on to establish the facts believed to justify its claim.

The nonresidence of such witness is not a sufficient reason for vacating the notice. Fruit Growers Co-op v. California Pie & Baking Co., D.C., 3 F.R.D. 206.

Since the libellant is a ship owner, there need be no hardship due to expense of transportation involved, in requiring that the notice be complied with, at a convenient time to be agreed upon.

Motion denied. Settle order.