Pauline SUPINE, etc., Plaintiffs,

v.

COMPAGNIE NATIONALE AIR FRANCE, Defendant.

Dan Gordon JUDGE and Bank of the Manhattan Co., etc., Plaintiffs,

v.

COMPAGNIE NATIONALE AIR FRANCE, Defendant.

Civ. Nos. 11726, 11780.

United States District Court E. D. New York.

June 8, 1955.

William A. Hyman, New York City, for plaintiffs.

Foley & Statt, New York City, for defendant.

GALSTON, District Judge.

These are two identical motions made by the defendant in two death actions arising out of an airplane crash. The motions are (a) to vacate plaintiffs' notice of taking depositions and (b) to quash the subpoena duces tecum served on defendant in connection therewith.

The actions arise out of the crash of defendant's plane, the F–BAZN, on October 28, 1949, on a mountain in the Azores, Portugal. All the occupants of the plane, including the plaintiffs' decedents and the crew, were killed in the crash. The plane was on an international transatlantic flight from Paris.

The terms of the passage contract made the flight and any liability incurred in connection therewith subject to the terms of the Warsaw Convention, 49 Stat. 3000. Under the terms of the Warsaw Convention, the liability, if any, of defendant for the death of any passenger is limited to the maximum sum of $8,296, unless, and only unless, plaintiffs can prove that the accident was caused by the wilful misconduct of the defendant.

The notices for the taking of depositions name ten persons. Defendant avers that five of them are either not in their employ or are merely employees and not officers or managing agents. Plaintiffs have consented to the elimination of the names of such persons from the notices. The remaining five are Paule Camille Comet, Olivier Lionel Casse, Alexandre Baile, Andre Albert Pineau and Henri Lesieur. Defendant has

admitted that these five are managing agents.

■ Defendant's objection that the notices fail to name or identify all the officers and managing agents by whom plaintiffs seek to examine defendant as a party does not have substance, since it seems clear that at least the five named above fall within that group. Certainly there is no obligation upon the plaintiffs to name or identify *all* of the officers.

■ However, the objection to the request for the production of documents under Fed.Rules Civ.Proc. rule 26, 28 U.S.C.A., is well founded. The plaintiffs must avail themselves of other procedures under the Federal Rules if, pursuant to the order of this court entered on May 17, 1954, the defendant has not yet produced for inspection the documents sought. A party examined under Rule 26 is required to disclose the existence and custody of pertinent documents, but he is not required to produce them unless ordered to do so under Rule 34. Caldwell-Clements, Inc., v. McGraw-Hill Publishing Co., D.C., 11 F.R.D. 156; Gajowski v. Empie, D.C., 11 F.R.D. 60.

■ The final objection to the notices is that they seek to compel defendant to produce at New York the aforesaid five named individuals, four of whom are outside the United States. In view of the fact that defendant is an airline, and can carry its employees at no charge, this request is not unreasonable. Sec. 403(b), Civil Aeronautics Act, Sec. 483 (b), Title 49 U.S.C.A. Plaintiffs are entitled to an oral examination, and there is precedent for requiring steamship lines and airlines to use their facilities to transport their employees or attorneys in order to accomplish the taking of depositions. See Compagnia Di Navigazione Mauritius Rome v. Kulukundis, D. C., 122 F.Supp. 676; Branyan v. Koninklijke Luchtvaart Maatschappij, D.C., 13 F.R.D. 425.

Lastly defendants ask that the subpoenas duces tecum be quashed.

■ The subpoenas call for three classes of documents: (1) regulations and rules in regard to drinking by air crew members; (2) publicity releases and advertising in regard to the safety of Air France flights; (3) reports of prior accidents involving defendant's aircraft.

Since wilful misconduct must be proved by plaintiff, the requests on their face show good cause in that they are obviously relevant to the preparation of plaintiffs' cases. In addition, although the moving papers are silent, the oral arguments constituted a sufficient showing of good cause. It should be observed that every possible leniency should be extended to the plaintiffs—of course within the framework of our rules of procedure—in the light of the extreme difficulty resting upon the plaintiffs to adduce evidence in support of their cases. The defendants know the facts. The plaintiffs should be granted the fullest opportunity to ascertain what those facts are.

Sec. 796, Federal Practice and Procedure, p. 496, Barron & Holtzoff, states:

> "In determining what constitutes good cause, a liberal construction is desirable, considerations of practical convenience are of importance, and the court should be satisfied that the production of the requested document is necessary to enable a party to prepare his case or that it will facilitate proof or aid in the progress of the trial." See Gordon v. Pennsylvania Railroad Co., D.C., 5 F.R.D. 510.

Defendant's motions are denied in all respects except that those portions of the notices of taking depositions seeking the production of documents are vacated.

Settle order.