Re: **TOHO BUSSAN KAISHA, LTD.**
v.
**AMERICAN PRESIDENT LINES, LTD.**

United States District Court
S. D. New York.
March 6, 1956.

Lazaar Henkin, New York City, and Cadwalader, Wickersham & Taft, New York City, for plaintiff.

Dow & Symmers, New York City, for defendant.

RYAN, District Judge.

Plaintiff, a Japanese corporation with no place of business in the United States, moves to vacate notice to take its deposition by examination of "its President, managing director or general manager having knowledge of the allegations of the complaint, and by its Mr. Ishii." It is apparent that only Ishii is in a position to give relevant testimony; he is assistant manager of the special division or department of plaintiff's business which is concerned with the matters in suit; he is a managing agent of plaintiff and plaintiff's examination may be conducted by the taking of his deposition; objections to examination of other of plaintiff's officers are sustained as being unduly burdensome and as to the examination of Ishii the following observations and rulings are made—

Plaintiff sues to recover payments made in February, 1952, against its account under letters of credit on bills of lading which plaintiff alleges were fraudulently and knowingly issued by defendant, and dated prior to the shipments being aboard defendant's vessel. As one of its defenses, defendant pleads knowledge on the part of the plaintiff of the misdating of the bills and failure to stop or prevent payment.

Ishii was actually present in New York at about the time of the issuance of the bills of lading and the making of the payments. It is claimed that he actually and personally visited the pier at which the defendant's vessel was berthed, that he saw part of the cargo covered by the

bills of lading still on the wharf and had conversations with employees of the defendant. It is undisputed that he is in a position to give testimony relevant and material to the issues.

Ishii later returned to the United States and appeared as a witness in a prosecution of the shippers conducted in New York County and was cross-examined; the defendant has a transcript of his testimony at this trial.

Hyam v. American Export Lines, 2 Cir., 1954, 213 F.2d 221, instructed the district court when an examination of a non-resident party is sought requiring him to travel a great distance and at considerable expense and inconvenience to weigh the factors and equities present so that in the exercise of its discretion the Court would not "impose conditions on litigants which in their practical effect amount to a denial of jurisdiction."

Plaintiff seeks to recover $74,438.30 —an amount sufficient to justify the expenses of Ishii's journey to this district; it does not appear that plaintiff is of limited funds and unable to bear the expense; no showing is made of great harm to plaintiff's business by Ishii's absence or that he does not make occasional trips here; his testimony is vital to plaintiff's claim; in all probability he will be called by it as a witness; the defendant is entitled to examine him and not be obliged to rely on an examination conducted by another attorney in another proceeding.

With other avenues of pretrial disclosures available to defendant, I hold that the defendant will be amply protected by directing that Ishii appear in New York for the taking of his deposition at a date not later than 3 weeks before trial. So ordered.