**Elsbeth M. A. SCHULTZ, etc., et al.,**
**Plaintiffs,**

v.

**KONINKLIJKE LUCHTVAART MAAT-**
**SCHAPPIJ N.V. KLM ROYAL DUTCH**
**AIRLINES HOLLAND et al., Defend-**
**ants.**

**Civ. No. 15514.**

United States District Court
E. D. New York.

June 18, 1957.

1. American Mills Co. v. Hoffman, 2 Cir., 1921, 275 F. 285, 293; Conry v. Baltimore & O. R. Co., D.C.W.D.Pa.1951, 95 F.Supp. 846, 849 reversed on other grounds 3 Cir., 195 F.2d 120; Porter v. Theo. J. Ely Mfg. Co., D.C.W.D.Pa. 1946, 5 F.R.D. 317, 321.

Theodore E. Wolcott, New York City, for plaintiffs.

Haight, Gardner, Poor & Havens, New York City, for defendant Koninklijke Luchtvaart Maatschappij N. V.

Mendes & Mount, New York City, for defendant Lockheed Aircraft Corp.

BYERS, District Judge.

This is a motion by the defendant K. L. M. under Rule 30(b), Fed.Rules Civ. Proc. 28 U.S.C.A. that the deposition of the defendant corporation by three named individuals shall not be taken pursuant to notice bearing date May 15, 1957, or that it may not be taken except at the Schiphol Airport, Netherlands, or that it be taken only on written interrogatories.

The action is to recover damages for the alleged wrongful death of one Heinz Schultz in an airplane disaster at Shannon, Ireland, on September 5, 1954.

The first named corporation owned, operated and controlled the plane upon which the decedent was a passenger; the crash occurred within a half minute after take-off from the Shannon Airport, and the plane came to a stop on the surface of the water, and several lives were lost because a gasoline tank which was directly under the passenger cabins, broke as the result of the impact and the cabins became flooded with the vapor, and the deaths were believed to have been caused by asphyxiation.

It is entirely apparent that the plaintiff is entitled to the discovery which she seeks, in order to establish the cause of the crash, and whether there was any faulty maintenance involved, and whether faulty design of the plane contributed to the disaster, and kindred matters.

Apparently the defendant's aver that the individuals named cannot be spared to come to this country for the purpose contemplated by the notice, because they are key supervisory employees and their absence from the performance of customary duties "would be disruptive to the conduct of defendant's air transportation system * * *," and to cause them to come to New York for the purpose of taking their testimony would constitute an unreasonable burden upon their employer, defendant K. L. M.

The foregoing is less than convincing.

In the first place, the depositions can be taken one by one and at convenient intervals, and the defendant corporation can supply the transportation to its own representatives at a minimum of cost.

It is not too much to suppose that any one of the named persons is required to be absent from his post of duty from time to time by reasons of health or otherwise, and in such an organization as that maintained by the defendant, it is fair to assume that lieutenants have been trained to serve in a temporary capacity for the individuals named.

Similar necessities were present in the case of Supine v. Air France, 21 F.R.D. 42–44, decided in this court by Judge Galston, and in the course of his opinion he used this language:

"In view of the fact that defendant is an airline, and can carry its employees at no charge, this request (for them to appear in New York) is not unreasonable. * * * Plaintiffs are entitled to an oral examination, * * *."

See also, Branyan v. KLM Air Lines, D.C., 13 F.R.D. 425, in which the requirements confronting a plaintiff in such a case are discussed at length.

In denying this motion, an order should be settled to provide for convenient spacing of the taking of the depositions of the three named individuals, in New York, if that is the defendant's desire.

Motion denied.