Dorothy KOLB, as Administratrix of the Goods, Chattels and Credits of Stephen Kolb, late of the County of Nassau, Deceased, Plaintiff,

v.

A. H. BULL STEAMSHIP COMPANY, Defendant.

A. H. BULL STEAMSHIP COMPANY, Third-Party Plaintiff,

v.

Geo. W. ROGERS CONSTRUCTION COR-PORATION and Brewer Drydock Company, Third-Party Defendants.

No. 61 Civ. 733.

United States District Court
E. D. New York.

Oct. 4, 1962.

Clark, Carr & Ellis, New York City, John T. Moran, New York City, of counsel, for the Motion.

Kirlin, Campbell & Keating, New York City, Carroll J. Ryan, New York City, of counsel, for defendant, in opposition.

RAYFIEL, District Judge.

The plaintiff herein sued to recover damages for personal injuries resulting in the death of Stephen Kolb, her decedent. The defendant, A. H. Bull Steamship Company (Bull), caused a third-party complaint to be served upon George W. Rogers Construction Corporation (Rogers), wherein it seeks recovery by way of indemnity for any judgment it may be obliged to pay to the plaintiff.

On June 5, 1962 Rogers, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., served upon Bull a notice to take its deposition by Chester W. Gierl and Robert Steele, its Managing Agent and Vice-President for Operations respectively, on June 12, 1962. The examination was twice adjourned, first to July 12, and later to August 1, in each instance by written stipulation, and then again, by oral agreement, to August 3. A day or two prior thereto counsel for Rogers was informed that neither Gierl nor Steele would appear for oral examination as Bull's representative because Steele was no longer in its employ and Gierl's position with Bull was not that of "Managing Agent," and hence did not bring him within the purview of Rule 26(d) (2) of said Rules.

Rogers then moved under Rule 37(d) of said Rules for an order dismissing the third-party complaint because of the allegedly wilful failure and refusal of Bull to appear by Gierl and Steele for the taking of their oral depositions.

### As to Steele

■ Bull's contention that Steele is not subject to examination as its representative appears to be valid. He had been a Vice-President for Operations of Bull, but, as appears from his affidavit submitted in opposition to the motion, he resigned as such and left Bull's employ on or about April 15, 1962, *almost two months prior to the service of Rogers' notice* under Rule 30(a), and no longer has any connection with or financial interest in Bull. While the appropriate procedure would have been for Bull to more seasonably dispute Rogers' right to take the depositions, as it could have done under Rule 30(b) of the Rules, Rogers was forewarned of at least the possibility of such objections, for when request was made by Bull for the first adjournment of the oral examination Rogers' counsel was informed that it was questionable whether Gierl and Steele came within the class of persons through whom Bull could be examined.

Rogers claims that Rule 32(a) of said Rules serves as a bar to Bull's belated objection to the examinations. I disagree.

I do not believe that the requirement in said Rule that "Errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served" contemplates objections to the competence or propriety of a person testifying as a representative of a corporate party. Nor, in my opinion, is Rule 32(c)(1), also urged by Rogers, applicable to the facts herein.

■ Under Rule 26(d)(2), supra, oral examination may be had of "any one who *at the time of taking the deposition* was an officer, director, or managing agent of a public or private corporation * * *." It has been established that a corporation may not be examined through one who was formerly an officer thereof but is no longer in its employ. Cohen v. Pennsylvania R.R. Co., D.C., 30 F.Supp. 419; Park & Tilford Distillers Corporation v. Distillers Company, Limited et al., D.C., 19 F.R.D. 169. The case of Independent Productions Corp. v. Loew's Incorporated, D.C., 24 F.R.D. 19, cited by Rogers in support of its position, is clearly distinguishable from the case at bar. Rogers' claim that Steele's willingness to sign an affidavit herein to the effect that he left Bull's employ on April 15, 1962 establishes that his interests are still identified with Bull does not merit serious consideration.

### As to Gierl

Bull contends (1) that Rogers has failed to establish "that Gierl was invested with the ultimate authority and responsibility" in the matters here involved, (2) that Gierl "functioned within the framework and under the limitation of higher authority", and (3) that he accordingly does not qualify as a Managing Agent, but is merely an employee.

■ The courts are in general agreement that the terms Managing Agent under Rule 26(d)(2), supra, should not be given too literal an interpretation, and that applications thereunder should be treated and determined on an *ad hoc* basis, dependent largely on the functions, responsibilities and authority of the individual involved *respecting the subject matter of the litigation*. What, then, is the subject matter involved in the litigation herein?

The plaintiff claims that her decedent sustained the injuries which resulted in his death as the result of the collapse of a ramp or bridge over which he was driving a fork-lift truck from pier A, at the foot of 22nd Street, Brooklyn, to a vessel berthed at said pier. That ramp or bridge, designs or plans for which were prepared by Rogers, was part of a repair and rehabilitation project undertaken by Bull, partly constructed by Rogers under several contracts between them, which were entered into following bids therefor. According to the affidavit of William F. Bradt, Vice-President and General Superintendent of Rogers, bids submitted for the work to be done under said contracts were either sent to Gierl or discussed with him, and whenever problems arose during the course of the work he, Bradt, who was the engineer in charge thereof, "consulted with Mr. Gierl to obtain whatever authority was necessary for the Rogers Corporation to perform the work on a given contract * * *"

■■ In determining whether a particular person is a "Managing Agent" the following are two of the tests which have frequently been applied:

(1) Whether his interests are identified with those of his principal;

(2) the nature and extent of his functions, responsibilities and duties *respecting the matters involved in the litigation*, and the extent of his right to exercise his judgment and discretion therein.

By those standards, and under the facts and circumstances disclosed by the supporting affidavits, it would appear that a liberal and practical interpretation of the applicable Rule would justify the conclusion that Gierl is a Managing Agent within the meaning of Rule 26(d)(2).

■ It should be noted that, as Professor Moore states in his Federal Prac-

tice (2nd Ed.) Vol. 4, page 1191, "The question whether the deposition is one which binds or can be used against the corporation under Rule 26(d) (2) does not arise until it is offered in evidence at the trial."

Accordingly, Bull will produce Gierl for the taking of his deposition within 20 days after service of a copy of the order to be entered herein, with notice of the entry thereof, the date and hour to be agreed upon between counsel.

Settle order on notice.