Senta Lemm TOMINGAS, individually, and as Executrix of the Last Will and Testament of Nicholas Tomingas, deceased, and as Personal Representative of the Estate of Nicholas Tomingas, deceased, Plaintiff,

v.

DOUGLAS AIRCRAFT CO., Inc., Defendant.

No. 64 CIV. 3853.

United States District Court
S. D. New York.

Aug. 22, 1968.

---

Kreindler & Kreindler, New York City, William D. Siegel, New York City, of counsel, for plaintiff.

Crowe, McCoy & Agoglia, Garden City, N. Y., for defendant.

## MEMORANDUM

TENNEY, District Judge.

This is a motion by defendant pursuant to Rule 26(d) (2) and Rule 30(b) of the Federal Rules of Civil Procedure to vacate a notice of deposition directed to two of its employees.

The cause of action arises out of the crash, on November 29, 1963, near Ste-Therese, Canada, of a DC-8 aircraft manufactured by Douglas Aircraft Co., Inc. (hereinafter referred to as "Douglas"), causing the death of plaintiff's decedent. Pursuant to an investigation conducted by the Canadian government, and at that government's request, Douglas sent two of its employees, Mr. Charles Dundore and Mr. Frank Kempa, both members of defendant's engineering department, to assist the Canadian investigation team in making its findings. Inasmuch as the airplane had disintegrated into tiny pieces as a result of the high speed at which the impact occurred, it was their job to identify the various pieces of the wreckage.

Plaintiff seeks to depose Dundore and Kempa at its counsel's New York office. Defendant seeks to vacate the notice of deposition on the following grounds: (1) Since Dundore and Kempa are merely employees and not "managing agents" of defendant, defendant is under no obligation to produce them for the depositions; and (2) if the depositions are to be taken, they should be taken at defendant's principal place of business located at Long Beach, California.

The term "managing agent" should not be given too literal an interpretation but rather should depend largely on whether the interests of the individual involved are identified with those of his principal and on the nature of his "functions, responsibilities and authority * * * respecting the subject matter of the litigation." Kolb v. A. H. Bull Steamship Co., 31 F.R.D. 252, 254 (E.D.N.Y.1962). Other practical considerations for evaluation are as follows: (1) Whether the deponent could be relied upon to give testimony, at his principal's direction, in response to the demand of a party engaged in litigation with the principal; and (2) whether any person or persons in higher authority than the deponent are in charge of the particular matter or possessed of the information as to which the examination is sought. United States v. The Dorothy McAllister, 24 F.R.D. 316, 318 (S.D.N.Y.1959); Rubin v. General Tire & Rubber Co., 18 F.R.D. 51, 56 (S.D.N.Y.1955).

The two proposed deponents herein were engineers, both of whom were sent by defendant, as its representatives, to assist the Canadian investigation team. Both men were the sole employees of defendant to be present at that investigation. Both men were in complete charge of identifying the minute pieces of the wreckage. Both men appear to possess an identity of interests with their principal, and it likewise appears that they would be responsive to any future directions by their principal either to participate in other accident investigations or to give testimony at the demand of opposing parties to a litigation.

This Court concludes, therefore, that although Dundore and Kempa may not be "managing agents" in the course of their everyday duties for the

defendant corporation, they are "managing agents" for the purpose of giving testimony regarding the accident investigation, a most relevant aspect of this litigation. Although the characterization of these two proposed deponents as "managing agents" is not free from doubt, whatever doubt remains should be resolved in favor of the examining party in that the ultimate determination as to whether the defendant herein shall be bound by the testimony of Dundore and Kempa "is to be made by the trial court." United States v. The Dorothy McAllister, supra, 24 F.R.D. at 318; Rubin v. General Tire & Rubber Co., supra, 18 F.R.D. at 56.

Rule 30(b) of the Federal Rules of Civil Procedure makes it clear that the location designated for the taking of a deposition is solely within the discretion of the court, thereby requiring each application to be considered on its own facts and equities. Branyan v. Koninklijke Luchtvaart Maatschappij, 13 F.R.D. 425, 429 (S.D.N.Y.1953).

Not only do the depositions sought herein involve defendant's only two employees who actually participated in the accident investigation, but, moreover, there has been no showing that any harm would result to defendant's business by virtue of the deponents' brief absence from their jobs. Toho Bussan Kaisha, Ltd. v. American President Lines, 141 F.Supp. 783 (S.D.N.Y. 1956). Certainly, the depositions could be scheduled to take place at such a time and in such a way that would be most convenient to both Dundore and Kempa and least disruptive to defendant's everyday business operations. Schultz v. Koninklijke Luchtvaart Maatschappij N.V. KLM Royal Dutch Airlines Holland, 21 F.R.D. 20 (E.D.N.Y.1957). It would appear that defendant is most able to bear the expense of the trip and, similarly, would be the party most able to obtain the least expensive transportation rates. See Schultz v. Koninklijke Luchtvaart Maatschappij N.V.

KLM Royal Dutch Airlines Holland, supra; Supine v. Compagnie Nationale Air France, 21 F.R.D. 42, 44 (E.D.N.Y. 1955). Accordingly, employees Dundore and Kempa are required to appear for the taking of their depositions at the New York office of plaintiff's counsel.

The fact that plaintiff's attorney, by separate letter dated May 15, 1968, requested the production of certain documents for inspection has no bearing on the instant motion. Deep South Oil Co. of Tex. v. Metropolitan Life Ins. Co., 21 F.R.D. 340, 342–343 (S.D.N.Y.1958).

Accordingly, defendant's motion is herein denied.

So ordered.