**SYKES INTERNATIONAL, LTD.**

v.

**PILCH'S POULTRY BREEDING FARMS, INC., et al.**

Civ. No. 14342.

United States District Court,
D. Connecticut.

May 18, 1972.

William E. Glynn, Day, Berry & Howard, Hartford, Conn., for plaintiff.

Bruce W. Manternach, Robinson, Robinson & Cole, Hartford, Conn., Donald J. Deneen, Andrew G. Messina, Windsor, Conn., for defendant.

## RULING ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

BLUMENFELD, Chief Judge.

In this diversity suit against it for damages for an alleged breach of contract, the defendant seeks to depose in Hartford, Connecticut, C. G. Thompson and C. S. Jackson, officers of the plaintiff residing in England, and C. A. M. Humphreys, a former officer of the plaintiff now residing in the Netherlands. The plaintiff has moved for a protective order, Fed.R.Civ.P. 26(c), requiring that the depositions of all three men be taken in England.

■■■ Since Humphreys is no longer an officer of the plaintiff, his attendance at Hartford could be compelled only by subpoena. But service of a subpoena is limited by territorial restrictions; a subpoena requiring attendance at Hartford served on Humphreys in the Netherlands would be void and without force. Fed.R.Civ.P. 45(d) (2). See Doble v. United States District Court, 249 F.2d 734 (9th Cir. 1957); Farr v. Delaware, L. & W. R. R., 7 F.R.D. 494 (S.D.N.Y.1944). No order is required to protect Mr. Humphreys from undue burden or expense.

■■ Since Thompson and Jackson are officers subject to the control of the corporate plaintiff, they are required to come to Hartford, the forum chosen by the plaintiff for bringing this action, for the taking of their depositions. Although the court in its discretion could order payment of expenses by the defendant or the taking of the deposition by written interrogatories if the effect of requiring attendance would "impose conditions on litigants which in their practical effect amount to a denial of jurisdiction," Hyam v. American Export Lines, Inc., 213 F.2d 221, 223 (2d Cir. 1954), that is not the situation here. The plaintiff seeks to recover $1,-000,000, "an amount sufficient to justify the expenses of (Thompson and Jackson's) journey to this district," and "it does not appear that plaintiff is of limited funds and unable to bear the expense . . . ." Toho Bussan Kaisha, Ltd. v. American President Lines, Ltd., 141 F.Supp. 783, 784 (S.D.N.Y.1956).

Plaintiff's motion for a protective order is denied.