### GARSHOL et al. v. ATLANTIC REFINING CO.

United States District Court
S. D. New York.
Aug. 23, 1951.

---

2.  Fruit Growers Cooperative v. California Pie & Packing Co., D.C., 48 F.Supp. 1021.

Harry D. Graham, New York City, for plaintiffs.

Kirlin, Campbell & Keating, New York City, for defendant.

NOONAN, District Judge.

Plaintiffs, as administrators of the estate of the deceased seaman, seek to recover damages for his wrongful death on board the defendant's vessel, The Atlantic Belgium.

Defendant corporation has moved this court under Rule 30(b), Fed.Rules Civ. Proc. 28 U.S.C.A., to vacate plaintiffs' notice of deposition, or in the alternative, that the depositions be taken at defendant's principal place of business, Fort Miffin, Pa.

In the notice of taking the deposition, which is in issue here, plaintiffs seek to examine the defendant by its (a) Superintendent of Operations, (b) Personnel Manager, (c) Superintendent of Maintenance and Repair, (d) S. I. Croney, an Electrical Engineer, (e) one Mr. Shute and (f) a Mr. Walker.

In the papers before the court, it is not clear whether or not Mr. Shute is still in the employ of defendant, for in Montgomery's deposition, page 22, it is stated that Shute is retired. His status is important because a corporate party may not be examined through a person not an officer at the time of taking the deposition. Cohen v. Pennsylvania R. Co., D.C., 30 F. Supp. 419.

Walker is identified as an employee (not in the notice but elsewhere) in defendant's legal department and Croney as being employed by defendant as an electrical engineer. However, a defendant is not required to produce an employee as a witness. Czuprynski v. Shenango Furnace Co., D.C., 2 F.R.D. 412.

A corporation is only required to produce such officers or managing agents as come within the scope of rule 26(d) (2), i. e. whose testimony would constitute admissions of the corporation. Porrazzo v. Royal Mail Lines, Ltd.[1]; Fruit Growers Cooperative v. California Pie and Baking Co., Inc., D.C., 3 F.R.D. 206.

Further the examination of a corporation is restricted to the affairs of the corporation as operator of a business and the corporation is not required to produce witnesses to testify to circumstances attending the occurrence of an act not connected with the conduct of a party's area of direct management. Marotta v. Union Castle Mail S. S. Co.[1]

Therefore, this court will permit plaintiff to examine the defendant by its Superintendent of Operations, Personnel Manager, Superintendent of Maintenance and Repair, but will not require defendant to produce the remaining three persons named in the notice. However, plaintiffs may examine them as witnesses and their

1. No opinion for publication.

attendance can be compelled as provided in Rule 45, F.R.C.P.

■■ The examination of a corporate defendant is normally taken where the officer of the corporation resides and has his place of business but this is not an inflexible rule. Hirsch v. Glidden Co., D.C., 79 F.Supp. 729. In the instant case corporate records will be referred to, the three persons to be examined are important in the daily operation of the corporation, and, finally, it does not appear that the plaintiffs will be unduly burdened by taking the depositions at defendant's place of business at Fort Miffin, Pa. Accordingly, this court concludes that the depositions be taken at Fort Miffin, each party bearing its own expenses.

The motion is, therefore, granted to the extent indicated above with leave to plaintiff to serve a new notice consonant with this decision. Settle order on notice.