REID

v.

C. H. CRONIN, Inc., et al.

United States District Court
S. D. New York.

March 9, 1954.

---

Carlton A. Walls, New York City, for plaintiff.

Thomas F. Keane, New York City, for C. H. Cronin, Inc.

SUGARMAN, District Judge.

Plaintiff in a suit for injuries allegedly sustained by him because of the negligence of two corporate defendants, served a notice to take the deposition of one of the defendants upon oral examination of its president. The defendant's president, according to the moving affidavit, "was duly served with a subpoena duces tecum directing that he appear at the time of said examination and produce" certain documents and records. By counsel's stipulation, a person other than defendant's president appeared and was examined.

Objection was made by defendant's counsel to questions dealing with the plaintiff's counsel's demand addressed to the deponent during the examination for the production of said documents and records for examination by him. Plaintiff now seeks an order to compel the production of the disputed documents and records for that purpose. This branch of the motion is denied.

As is pointed out in 5 Moore's Federal Practice, 2d Ed., 1730, and in 4 Moore's Federal Practice, 2d Ed., 1051, the production of documents and records of a *party* is governed by Fed.Rules Civ.Proc. rule 34, 28 U.S.C.A., and that rule should have been followed in this instance. Fed. Rules Civ.Proc. rule 45(d) (1) may only be employed on a deposition for the production of documents for examination when they are in the possession of a witness.

When a subpoena is served on a *party* requiring him to produce documents at his deposition they may be used for purposes other than the adversary's perusal, such as, to refresh deponent's recollection or to establish their existence, etc. Here plaintiff sought their production that he might examine them. For such purpose he must resort to Fed.Rules Civ.Proc. rule 34.

Plaintiff further asks a direction that Francis L. Cronin, president of defendant and all of that defendant's employees present on the job when and where plaintiff was injured be produced for examination as demanded in plaintiff's notice. This branch of plaintiff's motion is denied as to all except Francis L. Cronin, defendant's president, because

"a party cannot be compelled to produce his employees for examination upon notice to take deposition". 4 Moore's Federal Practice, 2d Ed., 1051, and cases cited in note 4 thereof. However, under Rule 26(b), plaintiff may examine Francis L. Cronin as to "the identity and location of persons having knowledge of relevant facts", see 4 Moore's Federal Practice, 2d Ed., 1075.

The foregoing is so ordered and the examination of Francis L. Cronin or any substitute deponent upon whom counsel may agree, to the extent hereinabove indicated, will proceed at a time and place mutually agreeable to the parties.