**KRAUSS v. ERIE R. CO.**

United States District Court
S. D. New York.

July 19, 1954.

McAloon & Hirschberg, New York City, Edward H. McAloon, New York City, of counsel, for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, J. Roger Carroll, New York City, Paul J. Yesawich, Jr., Glen Dale, L. I., of counsel, for defendant.

WEINFELD, District Judge.

The defendant moves under Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to vacate a notice to examine the defendant through the manager of its claim department and its chief surgeon, who is the head of its medical department, on the ground that neither is an officer, director, or managing agent. The determination of the motion turns on whether or not either is a managing agent within the contemplation of Rule 26, since it is conceded they are not officers or directors of the defendant.

The action is brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51, to recover for injuries sustained

**127**

by plaintiff as a result of alleged negligence of the defendant, for failure by defendant to provide proper medical treatment, and also for fraud in inducing the plaintiff to execute a general release for certain of the injuries. With respect to the latter claim, it is alleged that the defendant which had treated the plaintiff, its employee, through its medical department, had misrepresented the nature and extent of his injuries and capacity to perform certain light work. Representatives of the defendant's claim and medical departments are alleged participants in the complained-of conduct. The claim agent and the chief surgeon as heads of their respective departments are alleged to have information relevant to the subject matter of the action.

 The applicable law is clear. If, as the defendant contends, the manager of the claim department and the chief surgeon are merely subordinate employees of the defendant, the defendant cannot be examined through them, nor is it obligated to produce them in response to the notice to take depositions. Such employees may only be examined as witnesses pursuant to proper notice and service of subpoenas. However, if they are "managing agents" the defendant can be examined through them and is required to produce them under this notice.[1]

 A managing agent, as distinguished from one who is merely "an employee" is a person invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters; he does not act "in an inferior capacity" under close supervision or direction of "superior authority."[2] He must be a person who has "the interests of the corporation so close to his heart that he could be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer."[3]

Each situation is governed by its own facts. The information submitted leads to the conclusion that both the manager of the claim department[4] and the chief surgeon fall within the category of "managing agent" so that defendant may be examined through them under Rule 26 (a).

The manager of the defendant's claim department passes upon the value of all claims. He is the chief among twenty-three agents and exercises executive authority over all other claim agents. He advises the district claim agents on settlements and methods of investigation. The district claim agents, who, in turn, are in charge of local agents, are subject to his authority; they file reports with him so that he may carry on his functions. In the instant case, his judgment controlled payment which led to the general release executed by the plaintiff and now sought to be vitiated.

The chief surgeon heads a staff which includes two other doctors, a nurse, a receptionist, and a stenographer. He provides defendant's employees with medical treatment, including physical examinations as well as surgical services. He

1. Mattingly v. Boston Woven Hose & Rubber Co., Inc., D.C.S.D.N.Y., 12 F.R.D. 266; Aston v. American Export Lines, Inc., D.C.S.D.N.Y., 11 F.R.D. 442; Reid v. C. H. Cronin, Inc., D.C.S.D.N.Y., 15 F.R.D. 337; Garshol v. Atlantic Refining Co., D.C.S.D.N.Y., 12 F.R.D. 204; Fruit Growers Co-op. v. California Pie & Baking Co., D.C.E.D.N.Y., 3 F.R.D. 206; Farr v. Delaware, L. & W. R. Co., D.C. S.D.N.Y., 7 F.R.D. 494; Bernstein v. N. V. Nederlandsche-Amerikaansche, etc., D.C.S.D.N.Y., 15 F.R.D. 37.

2. Cohen v. American Window Glass Co., D.C.S.D.N.Y., 41 F.Supp. 48, 49, 50. cf. Taylor v. Granite State Provident Ass'n, 136 N.Y. 343, 32 N.E. 992.

3. Bernstein v. N. V. Nederlandsche-Amerikaansche, etc., D.C.S.D.N.Y., 15 F.R.D. 37, 38.

4. For direct authority holding a manager of a claim department to be a "managing agent" see Kulich v. Murray, D.C.S.D. N.Y., 28 F.Supp. 675; cf. Colpak v. Hetterick, D.C.E.D.N.Y., 40 F.Supp. 350.

advises on the value of all claims from the medical side. Difficult medical cases which involve defendant's employees are referred to him at Cleveland by defendant's local doctors, who may be treating them. Although the chief surgeon also maintains an independent practice, he and his staff occupy offices provided by the defendant, and apparently he is paid on a salary rather than on a patient-by-patient basis. The plaintiff in this case, after receiving medical treatment from a resident doctor engaged by the defendant in the New York area, was sent to Cleveland for examination by the chief surgeon. His advice on the nature of plaintiff's injuries and his ability to perform certain light work, according to plaintiff's claim, led to the signing of the challenged release.

Thus, not only do the manager of the claim department and the chief surgeon occupy positions of substantial responsibility wherein they exercise independent judgment and have a broad area of discretion, but their judgments lead directly to binding the defendants to settlements, procuring of releases, or fixing a policy with respect to claims or suits asserted against the defendant. Accordingly, upon all the facts it appears that both the manager of the claim department and the chief surgeon clearly were persons who spoke for the corporation and were vested with a general discretionary power to act for it on matters encompassing those set forth in the present complaint,[5] and the plaintiff is entitled to examine the defendant through them; he is not compelled to examine them as witnesses.

As arranged, the manager of the claim department and the chief surgeon shall be examined at Cleveland, Ohio, where they reside and where the principal place of business of the defendant is located,[6] and each party shall bear his own expense, which will be taxed against the unsuccessful party in accordance with the Rules.

Settle order on notice.

---

5. Cf. Garshol v. Atlantic Refining Co., supra; Aston v. American Export Lines, Inc., supra.

6. See Cohen v. Pennsylvania R. Co., D.C. S.D.N.Y., 30 F.Supp. 419; Goodman v. Lane, D.C.S.D.N.Y., 12 F.R.D. 176; Sprague Electric Co. v. Cornell-Dubilier Electric Corp., D.C.D.Del., 4 F.R.D. 113; Fairwater Transp. Co. v. Chris-Craft Corp., D.C.S.D.N.Y., 1 F.R.D. 509; Farr v. Delaware, L. & W. R. Co., supra.