**Philip CURRY, Plaintiff,**

v.

**STATES MARINE CORPORATION OF DELAWARE, Defendant.**

United States District Court,
S. D. New York.
Aug. 31, 1954.

See also, 118 F.Supp. 234.

William L. Standard, New York City, for plaintiff.

Corydon B. Dunham, New York City, for defendant.

WALSH, District Judge.

This is a motion to vacate a notice to examine the defendant corporation through the person who was master of one of its vessels when the accident in question occurred but who was serving as chief mate of another vessel of the defendant at the time his deposition was sought. The motion is denied.

The accident occurred after defendant's ship, the SS Green Mountain State, had run aground. Plaintiff was one of the crew on a tug attempting to pull her off. He was injured when the towline was pulled off the tug's bitt and struck him in the face. He believes the accident was caused because the Green Mountain

State which had been paying out its anchor chain, to which the towline was fastened, suddenly put a strain on it by braking its windlass.

There is no question but that a deposition of the person who was the master of the Green Mountain State at the time of the accident could be taken. The controversy is whether the defendant can be examined through him.

The practical consequences of this distinction are twofold: (1) the admissibility of the deposition at the trial, and, (2) the party which bears the expense of producing the witness.

Plaintiff claims that the master of a ship is a managing agent of the defendant corporation; that his reduction in rank from master to chief mate was only the result of a contraction of the defendant's fleet; that there has been no deterioration of his relationship with defendant; and that he undoubtedly expects to be restored to his position as master when there is a vacancy.

Defendant contends that a master is not a managing agent of the corporation but just another employee and that in any event his status of managing agent ceased upon his reduction in rank to chief mate.

█ It has previously been held that a master of a vessel is a managing agent of a shipowner and that the corporation may be examined through him. Wilson v. Trinidad, Corp., D.C.S.D.N.Y. 11 F.R. D. 191; Aston v. American Export Lines, D.C.S.D.N.Y., 11 F.R.D. 442.

█ Under Rule 26(d) (2), 28 U.S.C. A., the deposition of an employee of a corporate party may be used as a deposition of the party only if the witness *at the time of taking the deposition* was an officer, director or managing agent. Accordingly, it has been held that a corporation may not be examined by an officer or a managing agent who is no longer employed by the corporation. Cohen v. Pennsylvania R. R. Co., D.C.S.D.N.Y., 30 F.Supp. 419; Caldwell-Clements, Inc., v. McGraw-Hill Pub. Co., D.C.S.D.N.Y., 11 F.R.D. 156; Garshol v. Atlantic Refining Co., D.C.S.D.N.Y., 12 F.R.D. 204.

█ The purpose of Rule 26(d) (2) was to protect a party from the admissions of a disgruntled former employee. Moore's Federal Practice, 2nd Ed., Vol. 4, pp. 1190–1191. Here, however, the danger anticipated by the rule is apparently not present. The continued employment of the former master as a chief mate indicates that his interests are still identified with the defendant corporation. See M. A. Porazzi Co. v. The Mormaclark, D.C.S.D.N.Y., 16 F.R.D. 383.

Defendant does not suggest that there is a more appropriate officer through which it could be examined. The ship's master apparently was in complete charge of the ship at the time plaintiff was injured. He apparently was responsible for the decisions as to the manner in which the ship was to be floated. He represented the defendant then; he should be the person to explain the defendant's position now, unless defendant has a basis for withholding the confidence it previously placed in him. If at the trial it is shown that there is such a proper basis for restraining the admissibility of his deposition, this question may be reconsidered at that time.

Motion denied.