**Herbert RUBIN, doing business as New York Toy & Game Mfg. Co., Plaintiff,**

v.

**The GENERAL TIRE & RUBBER CO., Inc., Defendant.**

United States District Court
S. D. New York.

July 19, 1955.

Irving K. Rubin, New York City, for plaintiff.

Sullivan & Cromwell, New York City, John F. Dooling, Jr. and Jack G. Clarke, New York City, of counsel, for defendant.

PALMIERI, District Judge.

This action arises out of a commercial transaction between plaintiff and defendant and involves an allegedly unjustifiable delay in defendant's delivery to plaintiff of plastic fishing rod handles. Plaintiff is an individual who is a citizen and resident of the State of New York. He is engaged in the business of making and selling toys and fishing tackle. His office is located in New York, and his workshop is located in Lawrence, Massachusetts. Plaintiff entered into the contracts which underlie this dispute with a Massachusetts corporation which has since been merged into the defendant, an Ohio corporation that is doing business in New York and Massachusetts. Defendant moves for (1) an order under 28 U.S.C. § 1404(a) transferring the action to the United States District Court for the District of Massachusetts and (2) an order under Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C., vacating the plaintiff's notice to take defendant's deposition in New York, New York, by three of its employees.

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus the relevant factors for the Court to consider in determining whether to exercise its power to transfer a civil action are the convenience of parties, the convenience of witnesses, and the interests of justice.

In trying to show that the convenience of parties and witnesses would be served by the transfer of this action to the District Court for the District of Massachusetts defendant affirms that all of the plaintiff's present and former employees who are familiar with the relevant facts, and all of its own employees who are familiar with the relevant facts reside within 40 miles of Boston, Massachusetts, where the case would be tried if the action were transferred. The defendant also states that all of its relevant records are in Lawrence, Massachusetts, that many of plaintiff's records relative to this action are "undoubtedly located at the plaintiff's factory in Lawrence," and that plaintiff "undoubtedly visits his factory in Lawrence, Massachusetts, regularly and frequently." Defendant also states that the interests of justice would be served by the transfer of this action because it could then implead certain mold manufacturers which it cannot sue outside of Massachusetts and because the "Median time in months from joinder of issue to disposition: as of end of the Fiscal Year 1954 for: all civil cases" was 45.0 in this District and only 14.5 in the District of Massachusetts.

Plaintiff denies that its convenience or that of the defendant will be served by transfer of the case to the District

Court for the District of Massachusetts. Plaintiff emphasizes that his business is essentially a "one man" operation and that it would be seriously disrupted if he were required to travel to Boston for the taking of depositions or for the trial. Moreover, he points out that since none of the witnesses reside in Boston they would have to travel whether the trial is held in Boston or New York. As for defendant's statement that it cannot implead the mold manufacturers unless the case is tried in Massachusetts, plaintiff states that defendant had penalty arrangements with the mold manufacturers and that the arrangements "presumably measure the liability of the tool makers and the damages collectible from them."

Defendant cites Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, in which the Supreme Court said, "When Congress adopted § 1404(a), it intended to do more than just codify the existing law on *forum non conveniens*. * * * (W)e believe that Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader." 349 U.S. at page 32, 75 S.Ct. at page 546.

■ I understand these words to mean that I have the power to order a transfer under section 1404(a) upon a lesser showing of inconvenience to parties and witnesses than has been required heretofore. But, as the Supreme Court indicated, the factors which must be considered in determining whether I should exercise that power have not changed.

■ One of the factors is the plaintiff's choice of forum. By instituting suit in this district plaintiff shows that he believes that his own convenience and those of his witnesses are best served by a trial in this district. Certainly, when plaintiff cannot be accused of "shopping for a forum" because he is a resident of this district, the Court should give little, if any, weight to defendant's assertions that some other district would be more convenient for the plaintiff and his witnesses. In such a case defendant should show that his own convenience and that of his witnesses, and the interests of justice outweigh the convenience of plaintiff and his witnesses and call for transfer of the case to another district.

■ Defendant has failed to make such a showing. While it would be more convenient for defendant to have the trial held in Boston rather than New York, I do not believe that the inconvenience is of such a nature as to justify overruling the plaintiff's choice of forum. Since most of defendant's witnesses are employed by it, they will travel to New York when and if defendant directs them to do so. And if defendant wishes to use the testimony of witnesses who are not its employees and they refuse to travel to New York, it can do so by deposition under Rule 26(d) (3) of the Federal Rules of Civil Procedure. It is also extremely unlikely that the documents which defendant may wish to use at the trial are voluminous, and it is therefore unlikely that defendant will incur any appreciable expense in bringing those documents to New York from Lawrence, Massachusetts.

Furthermore, I do not belive that the interests of justice would be served by transferring this case. Plaintiff should not be compelled to bring suit in a district other than that in which he does business because defendant may have a right to recover against third parties. And defendant need not fear that it will be deprived of a speedy trial if the case remains in this district because the calendar on which this case would appear for trial is up to date.

Defendant's motion to transfer this case to the District Court for the Dis-

trict of Massachusetts is therefore denied.

Defendant has also moved to vacate plaintiff's notice to take its deposition in this district by three of its employees, F. J. Blum, Carl E. Holch, and C. J. McCarthy. Defendant contends that none of the three named men is its officer or managing agent. Plaintiff contends that the three are managing agents of the defendant because they exercised general supervisory authority over the making of the contracts between the parties and the performance of those contracts.

Rule 26(a) provides, "Any party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. * * *" Fed.R.Civ.P., Rule 26 (a). The Rules do not contain any special procedure for taking the deposition of a corporation that is a party upon oral examination, although they provide that "any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. * * *" Fed. R.Civ.P., Rule 33. But the Courts have inferred from Rule 37(d) that the deposition of a corporation that is a party may be taken through its officers or managing agents. See Krauss v. Erie R. Co., D.C.S.D.N.Y.1954, 16 F.R.D. 126; Campbell v. General Motors Corp., D.C.S.D. N.Y.1952, 13 F.R.D. 331.

There can be little dispute over whether a person is or is not an officer of a corporation, but the question of which persons are "managing agents" of a corporation has been the cause of many disputes. The practical effects of a determination that an employee of the corporation is a "managing agent" are (1) that the corporation must produce the employee for oral examination at its own expense, (2) that the employee's deposition may be used for any purpose at the trial, and (3) that the corporation's pleadings may be stricken if the employee wilfully fails to appear before the officer who is to take his deposition. See Fed.R.Civ.P. 26(d) (2) and 37(d); Curry v. States Marine Corp. of Delaware, D.C.S.D.N.Y.1954, 16 F.R.D. 376.

As one would expect corporate parties have argued for a restrictive definition of "managing agent." See, e. g., Krauss v. Erie R. Co., supra; Garshol v. Atlantic Refining Corp., D.C.S.D.N.Y.1951, 12 F. R.D. 204; Wilson v. Trinidad Corp., D.C.S.D.N.Y.1951, 11 F.R.D. 191. In this case, too, defendant contends that the named employees who hold the positions of Export Manager of one of defendant's divisions, and Manager and Assistant Manager of the Custom Molding Department of the same division, are not "managing agents," even though the affidavit submitted in its behalf in support of its motion to transfer this case to the District Court for the District of Massachusetts is executed by one of these employees. Defendant states that only one John Bolten, Sr., General Manager of the division involved in this case, is its managing agent for the purposes of this case and that "no purpose would be served by an examination of John Bolten, Sr., because he is not familiar with the facts relevant to this action."

Defendant's argument offers a graphic reason for holding against the restrictive meaning for which it contends. A party's right to use the deposition of a managing agent of a corporation that is a party for any purpose at the trial would in many cases be an empty right indeed if only those persons came within the category of "managing agent" whose rank in the corporate hierarchy was so exalted that they would be extremely unlikely to have any knowledge of the day to day dealings of the corporation with its customers and suppliers. Similarly, a party's right to take the deposition

of a corporation litigant would in many cases be singularly empty if no person whose rank was lower than General Manager of a division of the corporation could be considered a "managing agent" of the corporation.

■ Since the restrictive view urged by defendant is not to prevail, what criteria can be used in determining whether a given employee of a corporation is its "managing agent?" The criteria are set out in the cases or can be inferred from the Rules. First, the employee should be "a person invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters." Krauss v. Erie R. Co., D.C.S.D.N.Y.1954, 16 F.R.D. 126, 127. Second, the employee should be a person who "could be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer." Bernstein v. N.V. Nederlandsche-Amerikaansche Stoomvaart-Maatschappij, D.C.S.D.N.Y. 1953, 15 F.R.D. 37, 38. Third, the employee should be a person who can be expected to identify himself with the interests of the corporation rather than with those of the other parties. This requirement is necessary because the testimony of a managing agent can be used by the other parties for any purpose at the trial, and the corporation should not be bound by the testimony of persons who may not be loyal to its interests. See Fed.R.Civ.P. 26(d) (2). But this requirement should be liberally interpreted because the determination that the corporation is or is not bound by the testimony of a person who was examined as its managing agent is to be made by the trial court. See Curry v. States Marine Corporation of Delaware, D.C.S. D.N.Y.1954, 16 F.R.D. 376; 4 Moore's Federal Practice 1191 (2d Ed.1950). If the corporation wishes to limit the admissibility of the testimony at the trial, it can present its reasons to the trial judge and he will decide whether the admissibility of the testimony should be limited.

■ In this case it is clear that two of the persons whom the plaintiff wishes to examine are managing agents under the criteria set forth above. Messrs. Blum and Holch negotiated the contracts and supplementary agreements between the parties. They were responsible for the production and delivery of the goods ordered by plaintiff and for the returns of allegedly defective merchandise. They participated in conferences concerning claims under the contract and made decisions regarding the details connected with the performance of the contracts. Moreover, defendant has not denied that they are its supervisory officials who are most familiar with the transaction involved in this dispute. Under these circumstances defendant should produce them for examination as its managing agents. See Fruit Growers Co-Op v. California Pie & Baking Co., Inc., D.C. E.D.N.Y.1942, 3 F.R.D. 206, 208.

■ But plaintiff has not at this time shown that Mr. McCarthy should be produced by the defendant. Since it appears that Mr. McCarthy is Mr. Holch's assistant in the custom molding department, Mr. Holch should be able to answer any questions that the plaintiff might put to him about the activities of that department. If, after examining Mr. Holch, plaintiff believes that there is information that only Mr. McCarthy can supply, he can renew his notice to examine Mr. McCarthy at that time.

■ Finally, certain safeguards seem desirable. The examination of Messrs. Blum and Holch should not be noticed for the same time unless defendant has no objection to both of these men being called from their work to New York at the same time. And the expense of bringing these men to New York for the examination shall be taxable against the plaintiff, if he does not prevail.

The parties should arrange the time and place for the oral examination of the defendant by Messrs. Blum and Holch.

Settle order on notice by July 25, 1955.