John FAY, Libelant,

v.

UNITED STATES of America,
Respondent,

Bethlehem Steel Company, Respondent-
Impleaded.

No. 20581.

United States District Court
E. D. New York.

May 2, 1958.

which was engaged in stevedoring work on the vessel U.S.N.S. Aucilla, and that Abraham was employed as a longshoreman by Imparato Stevedoring Corporation, performing stevedoring work aboard the U.S.N.S. Bondia. It appears further that injuries to Fay are alleged to have occurred on January 4, 1955, and to Abraham on November 9, 1954.

In Fay v. United States, libelant served the United States with a notice to take its deposition upon oral examination "by its officer or managing agent, and also by the captain or chief officer in charge of the vessel, U.S.N.S. Aucilla, on January 4, 1955". In Abraham v. United States, a notice was served to take the deposition of the United States upon oral examination "by its officer or managing agent, and also by the captain or chief officer in charge of the vessel, U.S.N.S. Bondia, on November 9, 1954". The United States now moves to vacate the notices of the taking of depositions on the ground that there is no statutory authority or rule permitting the taking of the deposition of the United States, and on the further ground that the notice is defective under Rule 30(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

Baker, Garber & Chazen, Hoboken, N. J., for libelant.

Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., for respondent. Benjamin H. Berman, Ruth K. Bailey, New York City, of counsel.

ZAVATT, District Judge.

This action and Abraham v. United States (Admiralty No. 20567) have been brought pursuant to the Public Vessels Act, 46 U.S.C.A. §§ 781–790, to recover damages for personal injuries allegedly sustained by libelants while employed by independent contractors aboard the respondent's vessels. It appears from the affidavits that Fay was employed as a pipe-fitter by Bethlehem Steel Company

Section 782 of Title 46, United States Code Annotated, provides that suits under the Public Vessels Act "shall be subject to and proceed in accordance with the provisions of chapter 20 of this title", thereby rendering applicable Section 3 of the Suits in Admiralty Act, 46 U.S.C.A. § 743, requiring that "Such suits shall proceed and be heard and determined according to the principles of law and to the rules of practice obtaining in like cases between private parties". It is, therefore, the fact that Congress has stipulated that suits under the Act shall be determined according to the rules of practice in a like case between private parties. In Mosseller v. United States, 2 Cir., 1946, 158 F.2d 380 it was held that the District Court had jurisdiction, pursuant to Rule 27 of the Federal

Rules of Civil Procedure, to authorize the taking of a deposition to perpetuate testimony for use in an action to be thereafter commenced under the Suits in Admiralty Act seeking damages for personal injuries from the United States. Judge Clark, after referring to the statutory authorization for such procedure, went on to state that, having consented to suit, the United States should be held to have placed itself in the position of an ordinary litigant before the court to whom the rules of civil procedure ordinarily apply and that the applicability of Rule 27 may be asserted as to all claims against the United States of which the District Court has jurisdiction. Id., at pages 382–383. Apart from the statutory authorization thus found, an inquiry into the taking of the deposition of the United States in cases other than those under the Public Vessels Act is relevant because of Rule 32(b) of the Admiralty Rules of this court, which provides in substance that the taking of the depositions of adverse parties shall be governed by the Federal Rules of Civil Procedure.

■ The question of whether or not discovery practices are available against the government or government agencies is not novel. See Clark, Code Pleading, 571 n. 268 (2d Ed. 1947). The policy of our courts is to treat the government, when appearing as a litigant, like any private individual. "Any other practice would strike at the personal responsibility of governmental agencies which is at the base of our institutions." Bank Line v. United States, 2 Cir., 1947, 163 F.2d 133, 138; Mosseller v. United States, supra. It is perfectly clear that when the United States appears as a litigant "it places itself upon the same footing as other litigants and is not entitled to remedies which cannot be granted to other litigants". Daitz Flying Corp. v. United States, D.C.E.D.N.Y.1945, 4 F.R. D. 372, 373; Walling v. Richmond Screw Anchor Co., Inc., D.C.E.D.N.Y.1943, 4 F.R.D. 265, 269.

■■ While Rule 26(a) of the Federal Rules of Civil Procedure does not specifically name the United States as a "person" whose deposition may be taken thereunder, it should be beyond argument that Rule 26 applies to actions by or against the United States. Warren v. United States, D.C.S.D.N.Y.1955, 17 F.R. D. 389; 4 Moore's Federal Practice § 26.05, pp. 1031–1032 (2nd Ed. 1950). The rules make no exceptions for cases in which the United States is a party, except to the extent that certain sanctions to compel compliance with court orders are by their nature inapplicable to the United States as a suitor. Id. § 26.25(2), p. 1161. That it was intended that Rule 26(a) apply to actions against the United States is clearly established by Rule 37(f), exempting the United States from the possible imposition of expenses and attorneys' fees, as provided in Rule 37(a) where there has been a refusal without substantial justification to answer a question propounded upon oral examination. Cf. United States v. General Motors Corp., D.C.N.D.Ill.1942, 2 F.R.D. 528, 530. It must also be noted that Rule 81 specifically limits the applicability of the rules in various particulars, and does not purport to exclude cases in which the United States is a defendant from the operation of the discovery rules. The *maxim expressio unius est exclusio alterius* operates where a statute or rule designates an exception or proviso, so that the exclusion of one or a number of things includes all others. See 2 Sutherland, Statutory Construction, 413 n. 6 (3rd Ed. 1943).

■ The respondent urges that the court apply to the United States under Rule 26 of the Federal Rules of Civil Procedure the immunity which has been afforded the State of New York and formerly its municipalities under the discovery provisions of the New York Civil Practice Act, §§ 288, 289. The New York cases cited represent an interpretation of a State statute which cannot be binding upon this court. As stated in

Joy Mfg. Co. v. City of New York, D.C. S.D.N.Y.1939, 30 F.Supp. 403, 404, "The general purpose of the [Federal Rules] is to supply the Federal Courts with an independent system of procedure. It would seem to be the better policy not to allow decisions with respect to State Rules of procedure to be controlling, unless such a result is necessary. This is particularly true in the present case where there is an attempt to limit the scope of the Rules". And it was held in Conneway v. City of New York, D.C.E.D.N.Y.1940, 32 F.Supp. 54, that the New York State decisions interpreting state statutes with respect to depositions and discovery can have very little value in the interpretation to be given Rule 26 of the Federal Rules of Civil Procedure.

The principle here involved affects no small percentage of cases in the federal courts. The United States was a party in 31.9% of the civil cases commenced in the federal courts in the fiscal year ending June 30, 1957, and was a party defendant in 22.3% of the cases in which it appeared. In this District the United States was a party in 39.7% of the civil cases commenced during this period. See Annual Report of the Director of the Administrative Office of the United States Courts, September, 1957, Tables C1., C2. In a number of cases in this court involving the taking of the deposition of the United States, the government has not gone so far as to contend that there was no authority for such procedure, and the respondent here has not been able to point to a single reported federal case to sustain its contention. To the contrary, the cases have held that discovery practices are available against the United States. Warren v. United States, supra; Walling v. Richmond Screw Anchor Co., Inc., supra; United States v. General Motors Corp., supra; Fleming v. Bernardi, D.C.N.D.Ohio 1941, 1 F.R.D. 624. It is a basic part of the underlying philosophy of the procedure established by the Federal Rules that a trial, rather than being a contest, shall be an endeavor to ascertain the truth and an effort to attain justice. In furtherance of this aim parties to a suit may be required to disclose all facts in their possession, subject to limitations of privilege, which are germane to the issues. "In other words, all available data must be laid before the tribunal trying the case in order to enable it to do justice." Holtzoff, Origin and Sources of the Federal Rules of Civil Procedure, 30 N.Y.U.Law Rev. 1056, 1059–1060. I cannot believe that it is the purpose of the Federal Rules to absolve the United States from the operation of this policy and thereby negate the effect of the rules in the large percentage of cases in which the government appears. There is a complete absence of authority upon which to find such an intent on the part of the Supreme Court and Congress.

Although Rule 26(a) provides that "Any party may take the testimony of any person, including a party, by deposition upon oral examination * *," the Rules do not contain any specific procedure for taking the deposition of a corporation that is a party upon oral examination. The courts have inferred from Rule 37(d) that the deposition of a corporate party may be taken through its officers or managing agents. Rubin v. General Tire & Rubber Co., D.C.S.D.N.Y. 1955, 18 F.R.D. 51. Judge Palmieri there synthesized the criteria by which it could be determined whether one through whom the deposition of a corporation was sought was a managing agent:

"First, the employee should be 'a person invested by the corporation with general powers to exercise his judgment and discretion in dealing with corporate matters.' Krauss v. Erie R. Co., D.C.S.D.N.Y.1954, 16 F.R.D. 126, 127. Second, the employee should be a person who 'could be depended upon to carry out his employer's direction to give testimony at the demand of a party en-

gaged in litigation with the employer.' Bernstein v. Nederlandsche-Amerikaansche Stoomvart-Maatschappij, D.C.S.D.N.Y.1953, 15 F.R.D. 37, 38. Third, the employee should be a person who can be expected to identify himself with the interests of the corporation rather than with those of the other parties. * * * But this requirement should be liberally interpreted because the determination that the corporation is or is not bound by the testimony of a person who was examined as its managing agent is to be made by the trial court. See Curry v. States Marine Corporation of Delaware, D.C.S.D.N.Y.1954, 16 F.R.D. 376; 4 Moore's Federal Practice 1191 (2d Ed. 1950)." Id., 18 F.R.D. at page 56.

A corporate party may not be examined by its directors or any of its former officers, Park & Tilford Distillers Corp. v. Distillers Co., D.C.S.D.N.Y.1956, 19 F.R.D. 169; nor by a managing agent who is no longer in the employ of the corporation, Curry v. States Marine Corp. of Delaware, supra; nor by subordinate employees, Krauss v. Erie R. Co., supra; Reid v. C. H. Cronin, Inc., D.C.S.D.N.Y. 1954, 15 F.R.D. 337. It has been held that a corporation is required to produce for examination only those managing agents whose testimony would constitute admissions of the corporation. Wilkerson v. East Harbor Trading Corp., D.C. S.D.N.Y.1954, 16 F.R.D. 280; Garshol v. Atlantic Refining Co., D.C.S.D.N.Y.1951, 12 F.R.D. 204.

■ Having found that the discovery rules apply to the United States as a party, I can see no reason why the deposition of the United States should not be permitted to be taken in a proper case by taking the deposition of an appropriate official. 4 Moore's Federal Practice § 26.07, pp. 1035–1036 (2nd Ed. 1950).

■ The captain or chief officer in charge of a United States naval vessel is in a position analogous to that of a managing agent of a private corporation. The deposition of a private corporation may be taken by the master of its vessel, who is in control of the vessel at the time of the injury for which suit is brought, Aston v. American Export Lines Inc., D.C.S.D.N.Y.1951, 11 F.R.D. 442; Wilson v. Trinidad Corp., D.C.S.D.N.Y. 1951, 11 F.R.D. 191; even though the person formerly serving as master is serving as the chief mate of another vessel at the time the defendant's deposition is sought. Curry v. States Marine Corp. of Delaware, supra. And a deposition was permitted to be taken by a second mate who was in charge of and had general supervisory authority over the vessel at the time of the alleged injuries. Klop v. United Fruit Company, D.C.S.D.N.Y.1955, 18 F.R.D. 310. The captain or chief officer in charge of a United States naval vessel possesses broad and general powers to exercise his judgment and discretion in dealing with official matters. He may be depended upon to carry out orders to give testimony at the demand of the libelants and he may be expected to identify himself with the interests of the United States rather than with the interests of the libelants. It seems clear, furthermore, that a master may make statements binding on a vessel or its owner, The Potomac, 1870, 8 Wall. 590, 19 L.Ed. 511; Naylor v. Isthmian S. S. Co., 2 Cir., 1951, 187 F.2d 538, 540; Aston v. American Export Lines, Inc., supra, but in any event the question of whether the United States is to be bound here by the testimony of one examined on its behalf is to be determined by the trial court. Rubin v. General Tire & Rubber Co., supra.

■ The only question which remains is as to the sufficiency of the notice under Rule 30(a). Had the instant notices specified only that the deposition of the United States would be taken "by its officer or managing agent * * *

having knowledge or information with reference to the matters set forth in the complaint", they would be defective, Williams v. Lehigh Valley R. Co., D.C.S.D. N.Y.1956, 19 F.R.D. 285; Park & Tilford Distillers Corp. v. Distillers Co., supra 19 F.R.D. at pages 171–172, but to the extent that the notices specify that the depositions will be taken "by the captain or chief officer" of the vessels concerned on the dates of the alleged injuries, they state a general description sufficient to identify the persons by whom the examinations are to be taken. Mattingly v. Boston Woven Hose & Rubber Co., D.C. S.D.N.Y.1952, 12 F.R.D. 266; Burris v. American Chicle Co., D.C.E.D.N.Y.1939, 1 F.R.D. 9.

The libelants should have shown that the persons through whom it seeks to examine the United States are subject to its control at this time, for a party should not be ordered to appear for examination by an officer or managing agent unless it is shown that he occupies that relationship. See V. O. Machinoimport v. Clark Equipment Co., D.C.S.D.N.Y.1951, 11 F.R.D. 55, 59. The information necessary to establish this fact probably is not possessed by libelants, and although the respondent has filed affidavits and a lengthy memorandum it has not asserted as an objection to the taking of its deposition the fact that it no longer has the power to compel the attendance at an examination of the captains or chief officers concerned. The Court will infer that the power to compel exists, with leave to the government to show by affidavit that the persons concerned are no longer in its service.

Absent such a showing the Court will order that the respondent appear for examination by the captains or chief officers of the vessels concerned on the dates of the alleged injuries, at a time and place to be agreed upon by counsel. If counsel cannot agree the Court will fix a time and place for the examinations.

Settle orders on notice.