**NEW ROCHELLE TOOL CORPORA- TION and Magnetic Heating Corporation, Plaintiffs,**

v.

**OHIO CRANKSHAFT COMPANY, James W. Williamson, J. F. Cachat, Abbey Etna Company, and Etna Machine Company, Defendants.**

Civ. No. 34480.

United States District Court N. D. Ohio, E. D. Feb. 17, 1960.

Ralph Rudd and Allan Hull, of Harrison, Spangenberg & Hull, Cleveland, Ohio, Mervin C. Pollak, New York City, Robert E. Nickerson, Greenwich, Conn., Rudd, Ober, Finley & Miller, Chas. R. Miller, Cleveland, Ohio, for plaintiffs.

Robert W. Wheeler and John H. Watson, Jr., Cleveland, Ohio, for Ohio Crankshaft, Williamson and Cachat.

Ross W. Shumaker, Charles W. Peckinpaugh, Jr., Toledo, Ohio, for Abbey Etna Co. and Etna Machine Co.

KALBFLEISCH, District Judge.

On May 2, 1959, defendant, The Ohio Crankshaft Company, filed a notice to take the deposition of the plaintiff, New Rochelle Tool Corporation, by certain named officers or managing agents. On July 27, 1959, plaintiff, New Rochelle Tool Corporation, filed a motion, followed by an amended motion on September 10, 1959, to vacate or modify the deposition notice. While both the original and the amended motions embrace two other individuals, Messrs. Cameron and Kalning, the parties are concerned primarily with the witness Tudbury.

The problem here arises from the fact that Tudbury, who has been Chief Engineer for New Rochelle since 1957, for fifteen years prior thereto had been employed by Ohio Crankshaft as Research Manager of its Tocco Division.

New Rochelle contends that Tudbury does not have sufficient authority to be considered a managing agent under Rule 43(b), Federal Rules of Civil Procedure,

28 U.S.C.A., but that even if he did have such authority "a possible effect of an examination of Mr. Tudbury by deposition as a managing agent of the plaintiff, New Rochelle Tool Corporation, would be that his testimony would be held to constitute admissions of the plaintiff," and that "most of his knowledge of the events involved in this lawsuit is derived from his work as a high ranking and trusted research engineer for the defendant.". (Plaintiff's reply brief dated September 10, 1959, pp. 3, 5 and 6.) Plaintiff urges that if examination of Tudbury as managing agent is allowed by the Court, a protective order should be entered under Rule 30(b) limiting the scope of his examination as managing agent of plaintiff to such period as he was not defendant's employee.

Rule 26, which deals with depositions, provides that unless otherwise ordered by the Court "the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party * * *"; that "examination and cross-examination of deponents may proceed as permitted at the trial under the provisions of Rule 43(b)." Rule 43(b), which is adopted by Rule 26(c), provides that a "party may call an adverse party or an officer, director, or managing agent of a public or private corporation or of a partnership or association which is an adverse party, and interrogate him by leading questions and contradict and impeach him in all respects as if he had been called by the adverse party, * *."

Rule 26(d) (2) provides that the deposition of a managing agent of a corporation which is a party "may be used by an adverse party for any purpose."

1. The first question is whether Messrs. Cameron, Kalning and Tudbury are managing agents of New Rochelle for the purposes of Rules 26 and 43(b).

■ Upon consideration of the affidavit of Wallace C. Rudd, Vice President of New Rochelle, concerning the duties and authority of these men, and of the cases cited in the briefs of counsel, it is the Court's conclusion that Tudbury is a managing agent of New Rochelle but that Cameron and Kalning are not.

■ 2. Plaintiff is concerned lest Tudbury's testimony as its managing agent might be held to be "binding" on plaintiff with respect to matters which occurred during the time of his employment by Ohio Crankshaft. But such questions need not be determined until the time of trial when either Tudbury's deposition or his testimony is offered. Rubin v. General Tire & Rubber Co., D.C.S.D.N.Y.1955, 18 F.R.D. 51; Curry v. States Marine Corp., D.C.S.D.N.Y. 1954, 16 F.R.D. 376; Moore's Federal Practice, 2d Ed., Vol. 4, p. 1191.

The rule permitting cross examination of officers, directors and managing agents of adverse corporate parties is based at least in part on experience which teaches that such witnesses are apt to be partial to their present employers and that leading questions "are necessary to save time and to prevent the witness from continually dodging the proper answer." Moore's Federal Practice, 2d Ed., Vol. 5, p. 1348.

The likelihood of the managing agent's tending to favor his present employer over his former employer would exist as to any matters which may have occurred while he was employed by Ohio Crankshaft. Plaintiff is fully protected by the provisions of Rule 43(b) which give it the right to contradict, impeach, and cross examine the witness on the subject matter of his examination by the defendant.

Plaintiff's amended motion is sustained as to the witnesses Cameron and Kalning, and is overruled in all respects as to the witness Tudbury.