The COLONIAL CAPITAL COMPANY

v.

GENERAL MOTORS CORPORATION,
Albert Bradley, Charles W. Bradley,
and Bradley Olds-Cadillac, Inc.

No. 8288.

United States District Court
D. Connecticut.

Dec. 29, 1961.

. Morgan P. Ames, George G. Vest, Cummings & Lockwood, Stamford, Conn., for plaintiff.

Frank E. Callahan, John D. Fassett, Wiggin & Dana, New Haven, Conn., for General Motors Corp.

T. Ward Cleary, Curtis, Brinckerhoff & Barrett, Stamford, Conn., for Albert Bradley, Chas. W. Bradley and Bradley Olds-Cadillac Inc.

Curtiss K. Thompson, Thompson, Weir & Barclay, New Haven, Conn., for Albert Bradley.

ANDERSON, Chief Judge.

This action is in two counts: the first, against General Motors alone, under 15 U.S.C.A. § 1221 et seq., concerns transactions between automobile dealers and manufacturers; and the second, against General Motors and alleged co-conspirators, is brought under the Sherman Act. The plaintiff has noticed the deposition of General Motors through seven individuals presently or formerly associated with it. General Motors now moves to have the notices vacated and set aside. The plaintiff also noticed the deposition of General Motors through Alfred P. Sloan, Jr., its Honorary Chairman, and Frederic C. Donner, its Chairman of the Board and Chief Executive Officer; and the defendant has moved to have these depositions taken on written interrogatories.

Three of the seven depositions may be disposed of summarily. Charles E. Wilson, one of the seven noticed, has since died. Plaintiff now concedes that two others, Jeanne Metzger and Ruth Moffatt, are secretaries or stenographers, and are not managing agents or officers of the defendant, so that the deposition of the defendant cannot be taken through them.

Considering each of the remaining four, individually, it appears that William F. Hufstadter retired from General Motors on June 30, 1960 when he was a Vice President of the corporation. Since that time he has not been an officer, employee, or agent of the defendant, nor is he presently a director . of the corporation. Though the general rule appears to be that the deposition of a party may not be taken through one no longer employed by the party, Park & Tilford Distillers Corp. v. Distillers Co., 19 F.R.D. 169 (S. D.N.Y.1956), the plaintiff contends that the primary consideration in ruling on the question of who is a "managing agent" for purposes of deposing a corporate party is whether the individual can be expected to identify himself with the interests of the corporation or with those of the adverse party. Viewed in this

light, plaintiff argues, a former employee may be considered a "managing agent" for purposes of F.R.Civ.P. Rule 26, 28 U. S.C.A.; and, since there has been no showing that Mr. Hufstadter is no longer loyal to the defendant or does not still identify himself with its interests, the deposition of the defendant may be taken through him. Plaintiff cites Independent Production Corp. v. Loew's Inc. et al., 24 F.R.D. 19, (S.D.N.Y.1959), for this proposition. While it is true that the persons whose depositions were allowed to be taken as speaking for the corporate party in that case had resigned their positions prior to the time the depositions were to be taken, the peculiar facts of the case radically limit its value as a general precedent in this area. The individuals, whose depositions were sought to have been taken, had resigned because of the suit, on the advice of their attorneys, who felt the corporation's case might be damaged if the individuals were interrogated and refused to answer or were forced to admit that they had refused to testify as to their political affiliations before the House Un-American Activities Committee. It was also shown that they had, subsequent to their retirement, provided certain services to the corporation and that they were financially interested in it to the extent that they would each be entitled to a percentage of any recovery by the corporation in the case.

In arriving at its decision in the Independent Production case, the court relied on two prior cases: Curry v. States Marine Corp., 16 F.R.D. 376 (S.D.N.Y. 1954) and O'Shea v. Jewel Tea Co., 233 F.2d 530 (7 Cir. 1956). Neither of these cases, however, stands for the proposition enunciated in Independent Production. The individual whose deposition was sought, in the Curry case, had been master of a vessel alleged to have been the cause of injuries to the plaintiff. At the time for which the deposition was noticed, he was first mate on another vessel of the corporate defendant. The court found that he had been a "managing agent" at the time of the accident, that he was still employed by the same corporation in a position of trust, and fully expected that when a vacancy occurred he would again be appointed a master. The deposition of the corporation was, therefore, allowed to be taken through him. The O'Shea case did not involve deposition proceedings. It was concerned with the correctness of examining a person as an adverse witness when he had been called by the party examining him. The witness had been an employee of the corporate defendant at the time of the alleged accident and had left its employ shortly thereafter to accept employment from another firm in the same type of business. He admitted at the trial that he considered himself to be still in the camp of the defendant and testified in such manner as to make it apparent he was a hostile witness. Thus the only real question on this aspect of the case was whether the witness sufficiently identified himself with the interests of the opposing party as to allow his examination at the trial as a hostile witness by the party calling him.

■ This court concludes that there is no authority for taking the deposition of General Motors through William F. Hufstadter on the basis of his relationship to the company as a past employee. The motion as to him is therefore granted.

■ A more difficult question is presented with regard to the three persons remaining of the seven whose depositions are sought by the plaintiff. The general rule is that the person whose deposition is sought must, in order to bind the corporate party, be a "managing agent" of the corporation. The court, in Rubin v. General Tire and Rubber Co., 18 F.R.D. 51, (S.D.N.Y.1955) synthesized the authorities and arrived at three useful criteria for determining who is a "managing agent". These are:

"* * * First, the employee should be 'a person invested by the corporation with general powers to

exercise his judgment and discretion in dealing with corporate matters.' * * * Second, the employee should be a person who 'could be depended upon to carry out his employer's direction to give testimony at the demand of a party engaged in litigation with the employer.' * * * Third, the employee should be a person who can be expected to identify himself with the interests of the corporation rather than with those of the other parties. * * *"

18 F.R.D. 51, at 56.

In its affidavits General Motors has averred that O'Boyle, Schwartz, and Moran do not have the general powers referred to in the first criterion above. This, however, is only a conclusion of the affiants and is not controlling.

On October 5, 1961, a motion by defendant to vacate notices to take depositions of G. J. Clemenson and Fredric H. Murray was argued in this court. The motion was denied without prejudice and held in abeyance while plaintiff filed two series of interrogatories to be answered by the named individuals in order to determine whether interrogatories would serve as satisfactorily as depositions. These two individuals had submitted two of the affidavits which underlie the present motion to vacate. Pursuant to that order plaintiff propounded certain interrogatories to the affiants regarding the duties and responsibilities of the three persons referred to in the affidavits. From the answers to these interrogatories, and the material in the affidavits, the following facts appear:

■ J. J. O'Boyle is employed in the Distribution Department of the Sales Section of the Cadillac Division. He performs all of the clerical work, as do five other distributors, relating to the handling, scheduling, and shipment of car orders placed by various Cadillac distributors. He is also a supervisor of fleet sales. It seems clear that he has no general power to exercise his judgment and discretion in dealing with corporate matters and is not a managing agent, officer, or director of General Motors. Rubin v. General Tire and Rubber Co., supra; Krauss v. Erie R. Co., 16 F.R.D. 126, 127 (S.D.N.Y.1954).

■ T. J. Moran is employed in the Organization and Analysis Department of the Sales Section of the Cadillac Division as manager of the department. The functions of the department under his management are (1) to keep and maintain the various contractual documents and related records with respect to the various Cadillac Distributor and Dealer Selling Agreements and to the Cadillac Distributor and Dealer organization; and (2) to make various statistical analyses and compilations. Though he is manager of a department and has several employees working under him, there is no indication that his position consists of anything more than routine duties of keeping records and making up statistical reports which are wholly non-discretionary. There are no facts showing that he has any general powers or that he is a managing agent in the requisite sense. Rubin v. General Tire and Rubber Co., supra; Krauss v. Erie R. Co., supra.

■ The situation of Clyde R. Schwartz is somewhat different than that of the two individuals discussed above. He is a Regional Manager of the Oldsmobile Division stationed in Chicago and responsible for transmitting to his five Zone Managers policy decisions made at the Oldsmobile Central Office in Lansing. He is one of six Regional Managers. He has over 100 additional employees under his supervision through the Zone Managers. At the time of the transactions which form the subject matter of this case, he was Zone Manager in New York. He was the officer who recommended that Charles W. Bradley, a defendant herein, be granted the Oldsmobile-Cadillac dealership in South Norwalk, Connecticut. Though the affidavits and answers to interrogatories attempt to minimize the importance of Mr.

Schwartz's position, it appears that he does have sufficient power and discretion to be classified a "managing agent" for purposes of this motion. His rank is one which seems clearly to be within that group of employees described by the court in Rubin v. General Tire and Rubber Co., supra, 18 F.R.D. at 55–56, when it said:

"A party's right to use the deposition of a managing agent of a corporation that is a party for any purpose at the trial would in many cases be an empty right indeed if only those persons came within the category of 'managing agent' whose rank in the corporation hierarchy was so exalted that they would be extremely unlikely to have any knowledge of the day to day dealings of the corporation with its customers and suppliers. Similarly, a party's right to take the deposition of a corporation litigant would in many cases be singularly empty if no person whose rank was lower than General Manager of a division of the corporation could be considered a 'managing agent' of the corporation."

Defendant General Motors has also moved that the depositions of Alfred P. Sloan, Jr. and Frederic C. Donner, through whom the deposition of the defendant is sought, be taken on written interrogatories. Mr. Sloan is Honorary Chairman of the Board of Directors and states in his affidavit that he is almost completely deaf and that he has no knowledge of any of the matters alleged in the complaint. He is 86 years old and resides in New York City. He believes that he could give complete and accurate answers to questions only if he had the exact questions before him in writing. He further states that he has had no executive or operating responsibility for the sale or distribution of automobiles since 1946.

Upon the state of facts here present, and particularly in light of Mr. Sloan's sworn statement that he has no personal knowledge of the matters involved in this litigation, it is ordered that the deposition of defendant General Motors through Mr. Sloan be taken in the first instance on written interrogatories. If it should develop, as a result of the answers to these interrogatories or through the discovery of other facts, that Mr. Sloan should submit to an oral examination, the plaintiff will not be foreclosed from moving this court for an appropriate order. Rule 30(b) F.R.Civ.P. While a party is generally free to choose its method of discovery, it does not have an absolute right so to do and upon a showing of good cause the court may alter the manner or place of discovery as it deems appropriate. Fisser & V Doornum v. International Bank, 20 F.R.D. 419 (S. D.N.Y.1957). Hyam v. American Export Lines, 213 F.2d 221 (2 Cir. 1954).

As to Frederic C. Donner, he has stated in his affidavit that, though he is Chairman of the Board and Chief Executive Officer of General Motors, he has no personal knowledge of the matters in the present suit, having never heard of the plaintiff corporation or its president until after the commencement of this action. He desires to be examined on written interrogatories in order to minimize the amount of time he must take from his duties. He points out that plaintiff has already taken the depositions of twelve officers and employees of General Motors. It seems, therefore, that no good purpose would be served by requiring Mr. Donner to submit to an oral examination at this time. It is ordered that the deposition of Mr. Donner be taken on written interrogatories without prejudice to the subsequent taking of such deposition on oral examination if the answers to the interrogatories with regard to his participation in or knowledge of the matters forming the subject matter of this suit appear to the court to warrant it. S. Sakellares, d/b/a Danbury Banana Co. v. United Fruit Co. and Fruit Dispatch Co., United States District Court, District of Connecticut, Civil No. 8169.

The motion is, therefore, denied as to Clyde R. Schwartz and is granted as to the others but without prejudice as to Sloan and Donner.