**COUNTY NATIONAL BANK**

v.

**U. S. FIDELITY & GUARANTY CO.**

**No. 65 Civ. 3348.**

United States District Court
S. D. New York.

Nov. 3, 1966.

Zalkin & Cohen, New York City, for plaintiff; Leonard Zalkin, New York City, of counsel.

Shure & Bruder, New York City, for defendant; Selwyn N. Crane, New York City, of counsel.

COOPER, District Judge.

Pursuant to Rule 30(b), F.R.Civ.P., plaintiff seeks to preclude defendant from taking its deposition through one Joseph Frank. Motion granted.

Joseph Frank served as President of plaintiff corporation until June 16, 1964, at which time he became Chairman of the Board of Directors. He remained in that post until January 25, 1966. On May 17, 1966 he was appointed Honorary Chairman of the Board of Directors. He is presently serving in that capacity and as a director. Notice of deposition was served on January 27, 1966.

■ A corporate litigant may be examined only through its officers or managing agents. Rules 26(a), 37(d), F.R. Civ.P. It can not be examined through a director or former officer. See Campbell v. General Motors Corp., 13 F.R.D. 331 (S.D.N.Y.1952); Park & Tilford Distillers Corp. v. The Distillers Co., Ltd., 19 F.R.D. 169 (S.D.N.Y.1956).

■ Defendant having offered no proof that Frank is a "managing agent," the sole issue is whether a "Chairman of the Board of Directors" ("Honorary" or otherwise) is an "officer" for purposes of Rule 26(a). We hold that for these purposes there is no distinction between a "director" and "Chairman of the Board of Directors." See Bernstein v. N. V. Nederlandsche-Amerikaansche Stoomvaart-Maatschappij, 15 F.R.D. 32 (S.D.N.Y.1953). Defendant offers no evidence that Mr. Frank is involved in the day to day operation of plaintiff's business. See Campbell v. General Motors Corp., supra. Colonial Capital Co. v. General Motors Corp., 29 F.R.D. 514 (D.Conn.1961), heavily relied upon by defendant, is distinguishable; the issue before us was never squarely presented there.

Plaintiff's motion is granted. This decision does not preclude defendant

**294**

from renewing its course upon a proper showing. Plaintiff's other requests for relief have been withdrawn.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.