Grover D. MEYER, Plaintiff,

v.

ZIM ISRAEL NAVIGATION CO., Ltd., Defendant.

Civ. A. No. 65-H-514.

United States District Court
S. D. Texas,
Houston Division.

Nov. 4, 1966.

Mandell & Wright, John N. Barnhart, Houston, Tex., for plaintiff.

Royston, Rayzor & Cook, John Teed, Houston, Tex., for defendant.

Fulbright, Crooker, Freeman, Bates & Jaworski, S. G. Kolius and Dixie Smith, Houston, Tex., for Texas Employers' Ins. Ass'n.

Memorandum and Order.

INGRAHAM, District Judge.

This case arises out of an injury sustained by the plaintiff, a longshoreman, aboard the SS NOGAH. Plaintiff's suit is against the third party owner or operator of the SS NOGAH, Zim Israel Navigation Co., Ltd. The matter is before this court for consideration of the plaintiff's application for subpoena duces tecum as to Texas Employers' Insurance Association.

Plaintiff has previously obtained a subpoena duces tecum as to the witness

"John Doe, an employee of Texas Employees' Insurance Association * *." This subpoena was ignored and plaintiff's motion for contempt was denied by this court for the reason that the notice given by the subpoena was too general.

Plaintiff now applies for a subpoena duces tecum as to the corporation, Texas Employers' Insurance Association, to appear for oral deposition and to produce certain documents, to-wit:

"1. Photographs taken aboard the SS NOGAH shortly following the accident by the Lloyd Koenig Photograph firm;

2. Memorandums and written statements reflecting the contents of interviews of witnesses to the accident, or facts surrounding the same;

3. Statement of the Plaintiff Grover D. Meyer made to employees or agents of Texas Employers' Insurance Association;

4. Written reports of doctors as to the state of health and injuries, diagnosis and prognosis of Grover D. Meyer."

■ Plaintiff proposes to serve Texas Employers' Insurance Association as a corporation "with its appearance to be by its officer or managing agent at Houston, Texas, or by its officer or managing agent in charge of the workmen's compensation claim against Texas Employers' of Grover D. Meyer arising out of the injuries of March 25, 1965, aboard the SS NOGAH."

This court is of the opinion that a subpoena duces tecum giving notice as described above sufficiently identifies the person to be examined.

Rule 30(a), Federal Rules of Civil Procedure, uses the following language in reference to notice required for oral depositions:

"The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, *and, if the* name is not known, a general description sufficient to identify him or the particular class or group to which he belongs." (Emphasis added)

Rule 45(d) (1), Federal Rules of Civil Procedure, states the following, making specific reference to Rule 30(a):

"Proof of service of a notice to take a deposition as provided in Rules 30 (a) and 31(a) constitutes a sufficient authorization for the issuance by the clerk of the district court for the district in which the deposition is to be taken of subpoenas for the persons named *or described therein.* The subpoena may command the person to whom it is directed to produce designated books, papers, documents, or tangible things which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b), * * *." (Emphasis added)

The sufficiency of notice required by Rule 30(a) has been discussed in Fay v. United States, 22 F.R.D. 28 (E.D.N.Y., 1958). This case holds that a description similar to that proposed by the applicant is sufficient. Fay v. United States, supra, at pages 32–33:

"The only question which remains is as to the sufficiency of the notice under Rule 30(a). Had the instant notices specified only that the deposition of the United States would be taken 'by its officer or managing agent * * * having knowledge or information with reference to the matters set forth in the complaint,' they would be defective, * * * but to the extent that the notices specify that the depositions will be taken 'by the captain or chief officer' of the vessels concerned on the dates of the alleged injuries, they state a general description sufficient to identify the persons by whom the examinations are to be taken."

The subpoena duces tecum proposed by the plaintiff gives Texas Employers'

Insurance Association sufficient notice as to the person to be deposed.

■ Texas Employers' Insurance Association makes several objections as to the propriety of producing the documents requested by the subpoena. These objections are not properly before the court for consideration in an application for issuance of a subpoena duces tecum. A motion to quash or modify is the proper procedure to present such objections.

The clerk will notify counsel and will issue the subpoena duces tecum upon its submission by plaintiff.