**BURNS BROS.**, Libellant,

v.

**Carfloats THE B. & O. NO. 177 and THE B. & O. NO. 179, The Baltimore & Ohio Railroad Company, Respondent-Claimant.**

**No. 19721.**

United States District Court
E. D. New York.
Nov. 15, 1957.

Alexander, Ash & Schwartz, for libellant.

Bigham, Englar, Jones & Houston, New York City, for respondent-claimant.

ZAVATT, District Judge.

The libellant has moved for an order directing the respondent-claimant to produce "for examination before trial" the tug dispatchers of the respondent-claimant who were on duty on behalf of the respondent-claimant on or about November 24 and 25, 1950 and, in default thereof, for an order "striking the defendant's answer". Neither the notice of motion nor the supporting affidavit suggests under what rule or under what section of the United States Code the motion is made.

Annexed to the moving affidavit is a photostatic copy of a letter written by the proctors for the respondent-claimant to the proctors for the libellant, dated May 18, 1955, in which the proctors for the respondent-claimant stated in writing that "we shall be very happy to undertake to make the tug dispatcher of the B. & O. Railroad available for examination before trial at any mutually convenient time". There is also annexed another letter from the same proctors to the proctors for the libellant, dated June 28, 1955, suggesting that " * * * the deposition of the tug dispatcher be taken at some other mutually convenient time". The libellant has made this motion, apparently, for an order of this court compelling the proctors for the respondent-claimant to carry out their alleged agreement with the proctors for the libellant to produce for examination "the tug dispatcher of the B. & O. Railroad". The opposing affidavit of one of the members of the firm of Bigham, Englar, Jones & Houston, proctors for the respondent-claimant, suggests that the agreement to produce the tug dispatcher (as evidenced by the letters of May 18 and June 28, 1955) is not a present binding contract and that the proctors for the libellant are attempting to enforce "by an alleged agreement a remedy to which he would not otherwise be entitled". That affidavit also states that the two letters hereinabove referred to "do not constitute an agreement to give Mr. Ash an otherwise unenforceable remedy". The Court knows of no power vested in it by which it can mandate the proctors for the respondent-claimant to honor the gentlemen's agreement that appears to have been made to produce the tug dispatcher for examination. Unfortunately, therefore, this motion must be determined in the light of the appropriate rules and the appropriate provisions of the United States Code.

If this motion is regarded as a motion for an order to take the deposition of the respondent-claimant by the tug dispatchers of the respondent-claimant who were on duty on behalf of the respondent-claimant on the dates in question, the motion must be denied. Rule 32(b) of the Admiralty Rules of this Court provides in substance that the Federal Rules of Civil Procedure govern the taking of the deposition of adverse parties to the extent that this subject is not specifically provided for in the United States Supreme Court Rules. Since there is no such provision in the United States Supreme Court Rules, the Federal Rules of Civil Procedure apply and specifically Rule 26(a), 28 U.S.C.A. Under that rule a corporate party may be examined by taking the deposition of its officers or agents whose testimony would constitute admissions of the corporation. Wilkerson v. East Harbor Trading Corp., D.C.S.D.N.Y.1954, 16 F. R.D. 280. A corporate party may not be examined under this rule by examining

its directors or any of its former officers. Park & Tilford Distillers Corp. v. Distillers Co., D.C.S.D.N.Y.1956, 19 F.R.D. 169. Nor may a corporate party be examined by taking the deposition of an officer or managing agent who is no longer in the employ of the corporation. Curry v. States Marine Corp. of Delaware, D.C.S.D.N.Y.1954, 16 F.R.D. 376. Nor may a corporate party be examined by taking the deposition of its subordinate employees. Krauss v. Erie R. Co., D.C.S.D.N.Y.1954, 16 F.R.D. 126; Reid v. C. H. Cronin, Inc., D.C.S.D.N.Y.1954, 15 F.R.D. 337; 2 Federal Practice & Procedure, Barron & Holtzoff, § 644, page 288.

■■ The moving papers do not show that the tug dispatchers whom the libellant desires to examine are officers or managing agents of the respondent-claimant. Nor do they show that the testimony of these tug dispatchers would constitute the admissions of the respondent-claimant. It appears from the opposing affidavit that the tug dispatchers who were on duty on behalf of the respondent-claimant on the critical dates and whom the libellant desires to examine were subordinate employees of the respondent-claimant; that some of them are no longer in the employ of the respondent-claimant, and that those who are still in the employ of respondent-claimant are subordinate employees. It follows, therefore, that if this motion is construed as a motion made pursuant to Rule 26(a) of the Federal Rules of Civil Procedure to examine the respondent-claimant by these subordinate employees, the motion must be denied. If this motion is construed as a motion to examine the tug dispatchers as witnesses, it must be denied because the witnesses are neither named nor have they been served with notice of this motion.

Motion denied. Proctors for the respondent-claimant will settle order on notice.