Clarence D. FRASIER, Plaintiff,

v.

TWENTIETH CENTURY–FOX FILM CORPORATION, et al., Defendants.

Civ. 44–52.

United States District Court
D. Nebraska.

June 16, 1958.

Richard W. Smith (Woods, Aitken & Aitken), Lincoln, Neb., for plaintiff.

Roger V. Dickeson (Mason, Knudsen, Dickeson & Berkheimer), Lincoln, Neb., for defendants.

VAN PELT, District Judge.

This matter is before the Court upon the separate motions of the defendants as follows: Filing number 72, Motion of Paramount Pictures, Inc. and Paramount Film Distributing Corporation to Vacate and Limit Plaintiff's Notice for Depositions; filing number 73, Motion of Loew's Incorporated to Vacate and Limit Plaintiff's Notice for Depositions, and filing number 74, Motion of Leonard H. Goldenson to Vacate and Quash Subpoena, together with the supporting affidavits of Arthur Isreal, Jr. and Leonard H. Goldenson. Depositions of the following officers, directors or employees of Paramount Pictures Inc. are involved: Adolph Zukor, Chairman of the Board of Directors; Barney Balaban, President and Director; Leonard H. Goldenson, Vice President and Director; Louis A. Novins, Secretary, and the Chief Clerk; on behalf of Paramount Film Distributing Corporation, Barney Balaban, Director and Louis A. Novins, Secretary, together with George Weltner, President; on behalf of Loew's Incorporated, Joseph R. Vogel, President and Director, Charles M. Reagan, and the Chief Clerk. Separate notices have been served to take the depositions of Charles M. Reagan and Leonard H. Goldenson. It appears that the latter gentleman is now President of the American Broadcasting-Paramount Theatres, Inc., which he says, and it is undenied, is unrelated to any of the other defendant corporations.

Because the first deposition date is June 19, 1958 the Court orally announced, following the arguments on Saturday afternoon, a tentative ruling which is adhered to in this Memorandum and in the Order this day entered. All of the Motions are based upon the claim that the depositions are for the purpose of annoyance, harrassment and embarrassment.

Counsel concede that there is no specific case authority and urges, and the Court agrees, that each such Motion must be considered on the facts of that Motion. It is urged generally:

■ 1) That the case has been on file since July 23, 1952, and that lack of good faith in plaintiff taking these depositions is to be inferred from the fact that the depositions were not taken earlier. In this connection it is to be noted that on July 3, 1957 (See filing number 68 herein) Judge John W. Delehant entered an order for discovery to be started by July 15, 1957 and requiring the production for inspection and copying of voluminous documents, papers, books, accounts and records. Among the first acts of the present Judge upon his appointment was to call in counsel and advise them that this case, which had then been on the docket over five years, should be tried, and a tentative date of April, 1958 was discussed. Both counsel later advised the Court that they could not be ready for trial at that time. Counsel for defendants state that they have now examined and numbered over thirty-six thousand documents pursuant to the inspection order by Judge Delehant and that there are several thousand documents yet to be examined, and that in taking depositions they are endeavoring to meet the Court's demand that the discovery processes be completed at an early date in order that the case, a potential blocker for weeks or months of the Court's docket, can be tried. While the Court is not persuaded that the depositions could not have been taken earlier it will certainly not deny the right to take them at this time simply because of the age of the case.

■ 2) It is claimed that the notices to take deposition are being used to force a settlement; that the witnesses are busy men in industry and rather than compel them to attend and subject themselves to examination, defendants will be compelled to consider settlement. The

Court will not impute to counsel any improper motives on the showings made. As long as the witnesses know facts material to the issues in suit or which would lead to discovery of material facts, their interrogation is doubtless proper. There is nothing wrong per se in their examination. A Court certainly should not shut its eyes to the fact that often by insisting on the maintenance of a trial calendar and the trial of cases when reached in the order listed, settlements are frequently brought about. The courts have never regarded such settlements illegal and the Court is not ready as of this date to brand as illegal the taking of the deposition of a prominent person who knows material facts with reference to a controversy simply because it might lead to, or point up the desirability of, a settlement.

3) The point is urged that some of the witnesses are the officers of large corporations and that their business engagements will not permit them at this time to have their depositions taken; that the officers know little or nothing about the Lincoln, Nebraska controversy and that it constitutes a harrassment to compel such officers to appear. The Court believes there are two answers to this contention —1) that each witness, as hereinafter briefly mentioned as to some, does have, or has had, some connection with the Lincoln, Nebraska, theater situation, and 2) that officers of any corporation that violates the anti-trust laws or as is claimed in this case has been adjudged such a violator, must expect by reason of their employment by or business association with such a violator that they will from time to time be called upon to answer orally questions concerning their actions and that of the corporation.

4) Insofar as embarrassment is concerned, the Court observes that witnesses are often embarrassed by examination. It is the witness' prior conduct and not the Court's ruling nor the action of the interrogator that causes the embarrass-

ment. The protection of the Fifth Amendment can always be sought if the embarrassment is of a type that can be protected by its cloak.

■ 5) It is claimed that much of the information desired by plaintiff could be obtained by written interrogatories and by demand for the production of documents. The Court is inclined to believe this is true but in the trial of a case or in its preparation is not inclined to compel the parties to exhaust the means of discovery provided under Rules 33, 34 and 36 before the taking of depositions under Rule 27 or Rule 31, 28 U.S.C.A.

The Court turns briefly to a discussion of the witnesses. Adolph Zukor, a man well known to the public, is said to be a man of eighty-five years of age and not in the best of physical health. The Court was originally inclined because of his age, to excuse him from interrogation at this time, but has given weight to the fact that because of his age and his acquaintance with Joseph Cooper, for many years a dominant, if not the dominant personality in the Lincoln, Nebraska, motion picture business, and his familiarity with certain documents well pointed out by counsel in the oral arguments, his testimony might be forever lost, if not now taken, and has now concluded to permit his interrogation as noticed. While age is a factor to be considered in whether or not to permit interrogation, it must also be considered that if interrogation is not permitted presently, death could intervene and thus the witness' testimony would become unavailable to plaintiff.

It is perhaps sufficient to say as to Mr. Balaban that he was a member of a committee dealing with the Lincoln, Nebraska situation and may have other information within the issues framed.

Mr. Goldenson, who desires to be excused, among other reasons because of programing of the 1958–1959 Television season, was at one time an officer of the Lincoln Theater, one of Lincoln's leading motion picture houses.

The Court has concluded that the depositions of these witnesses named should be taken.

■ It appears that Charles M. Reagan is no longer an officer, director or employee of Loew's Incorporated. The Court will not require that Loew's Incorporated produce Mr. Reagan or at this time permit his examination as an officer, director or employee of Loew's Incorporated. Plaintiff has served him personally with a subpoena and his presence does not depend upon the notice to defendant Loew's Incorporated.

There is a slightly different situation as to Mr. Goldenson, who has filed, as above indicated, his separate motion to vacate and quash subpoena. It is said that Paramount Pictures, Inc. is now dissolved. Defendant originally raised a question as to its being sued in this Court by reason of the fact of its dissolution. It has now withdrawn such objection and appeared and answered. Plaintiff has supported its notice to take the testimony of officers, directors or employees of Paramount Pictures, Inc. by showing that after the claimed dissolution it had an officer or officers who purported to act for it. Mr. Goldenson has also been served personally with a subpoena as is shown by the motion he has filed. The Court will allow the taking of his deposition and will at the time of the trial rule upon whether his testimony is admissible against the defendant Paramount Pictures, Inc. as an officer, agent or employee.

■ Plaintiff has pointed out that it has been unable to find and will be unable to produce certain documents that are requested. This is not unusual. Whether secondary evidence of the documents' contents can be produced and offered in evidence is a matter that can come before the Court at the pre-trial conference or on the trial. It is not proper ground for the non-production of the witness who is to produce the documents.

If the examination gets too far afield, as defendants' counsel seems to fear, it is of course possible for defendants to obtain relief under Rule 37 or under Rule 30(d).

The Court therefore concludes to overrule the motions except as to the witness Reagan, who is not required to appear as an officer, director or employee of the defendant, Loew's Incorporated.