FLORA GOLDMAN,
Plaintiff,

*vs.*

SOLOMON E. SHAHMOON, HANNAH S. SHAHMOON, HOWARD A. LEDERER, KHEDURI NISSAN, STEVE HAY, CAPT. WILLIAM L. NEWTON, JULIUS ZIZMOR, WILLIAM KERBER, JOHN W. NOONAN and SHAHMOON INDUSTRIES, INCORPORATED, Defendants.

*New Castle, March 17, 1965.*

*William E. Taylor, Jr.,* Wilmington, and *Sidney L. Garwin,* New York City, for plaintiff.

*Richard J. Abrams,* of Richards, Layton & Finger, Wilmington, for defendant Shahmoon Industries, Inc.

MARVEL, Vice Chancellor: Plaintiff has notified counsel for the appearing defendants that she intends to take the depositions of the corporate defendant Shahmoon Industries, Incorporated "* * * by Harry Cohen, its Comptroller, and Harry Cohen, individually * * *" and also "* * * by Harry Iny, a managing agent, and employee, and Harry Iny, individually * * *". The defendant Shahmoon Industries, Incorporated, has moved to vacate such notice on the grounds that Harry Cohen and Harry Iny are not officers, directors nor man-

aging agents of the corporate defendant and are accordingly not subject to examination merely on notice to their corporate employer. Such motion notes that *Rule 37(d)* applies to a non-appearing corporate officer or managing agent and not to an employee. It is also pointed out by defendant that the deposition of a party, including that of an officer, director or managing agent of a corporate litigant, may be summarily used by an adverse party for any purpose. See *Rule 26(d)(2)*.

The motion of the corporate defendant is supported by the affidavit of one Joseph Feldman, secretary of the corporate defendant, who avers that he knows both Harry Cohen and Harry Iny and that he has personal knowledge of their status, functions, and responsibilities as employees of Shahmoon Industries, Incorporated. According to Mr. Feldman, Mr. Cohen is employed as comptroller of Shahmoon Industries, a title not created or defined in Shahmoon's charter, and that he was employed as such by the president of the corporation who determines his compensation subject to the control of the board of directors. The affidavit goes on to state that Mr. Cohen conducts his duties as comptroller (which allegedly consists of serving as chief accountant and auditor of the corporation) subject to the direct supervision and control of corporate officers. It is further alleged that Mr. Cohen exercised no discretionary authority or power in respect to the matters set forth in the complaint while carrying out his accounting, budgeting and internal auditing duties, it being his duty to report his actions to other members of corporate management responsible for policy or executive action.

As to Mr. Iny, Mr. Feldman alleges under oath that he was employed merely as a bookkeeper and accountant, his services having been engaged by the president of the corporation who determines his compensation subject to the control of the board of directors. The affidavit goes on to state that Mr. Iny's duties are of a clerical, accounting, and bookkeeping nature and involve no discretionary authority or power. Finally, the Feldman affidavit states that neither Mr. Cohen nor Mr. Iny is authorized to speak for or on behalf of the corporate defendant and that neither participated in the discussions or

determinations of the directors and officers about which plaintiff complains in this action.

The issue here presented involves not merely the question of whether testimony may be obtained by notice served on counsel for the corporate defendant rather than by the more complex method of commission, but is concerned with the more substantial question of whether plaintiff is entitled to the advantages granted an examining party when a deposition such as the ones here sought is considered to be that of the corporate defendant. In other words, it appears to be established that if the persons here sought to be examined are deemed capable, as it were, of "speaking" for the corporation as true officers or managing agents, plaintiff will thereby be benefited in at least a tactical sense. Thus, as noted earlier, under *Rule 26(d)(2)* such a deposition may be used by an adverse party for any purpose. Furthermore, admissions of such a deponent are binding on his principal, and the deponent's employer must bear responsibility for, and the expense of, producing him for examination. See *Rules 26(d)(2)* and *37(d)*, *Moore's Federal Practice, Vol.* 4, § 26.07, and *Wilkerson v. East Harbor Trading Corporation, (S.D.N.Y.)* 16 *F.R.D.* 280.

First of all, there appears to be a historically rigid view of the attributes which set a corporate officer apart from an employee. In *Vol.* 13, *American Jurisprudence, Officers,* § 866, it is stated:

"* * * The relationship of a person to a corporation, whether as officer or as agent or employee, is not determined by the nature of the services performed, but by the incidents of the relationship as they actually exist. In different connections in which the question has arisen, it has been held that a mere agent of a private corporation is not an officer thereof within the meaning of statutes or regulations requiring certain acts to be done by an officer.

"One distinction between officers and agents or employees of a corporation lies in the manner of their creation. An office is created usually by the charter or bylaws of the corporation, while an agency or employment is created usually by the officers. A further distinction may thus be drawn between an officer and an

employee of a private corporation in that the latter is subordinate to the officers and under their control and direction."

See also *Vol. 2, Fletcher, Cyclopedia Corporations, § 266*. It is clear that the terms officers and agents are by no means interchangeable. Officers as such are the corporation. An agent is an employee, *Vardeman v. Penn-Mutual Life Ins. Co.,* 125 *Ga.* 117, 54 *S.E.* 66, 5 *Am.Cas.* 221. Plaintiff argues, however, that notwithstanding Mr. Feldman's affidavit, the allegations of which indicate that the persons sought to be examined are mere agents, it is clear from the Feldman deposition that Mr. Cohen has actually performed the functions of a corporate treasurer. Plaintiff further contends that it is established by Mr. Shahmoon's testimony on deposition that Mr. Iny was actually in charge of the accounting department of Shahmoon Industries. Plaintiff concludes that Mr. Iny is a managing agent, and conceding some possible doubt as to Mr. Cohen's status as an officer, it is contended that in any event both persons sought to be examined are at the least managing agents of Shahmoon Industries.

According to the complaint, Solomon E. Shahmoon, the president and chairman of the board of the corporate defendant, and his wife and other members of the family, own in excess of 62% of the voting stock of the corporation. And while the complaint purports to list officers and directors of the defendant corporation in office from January 1, 1962 to the date of filing of the action, it fails to include either Mr. Cohen or Mr. Iny. It is further alleged that by means of their stock ownership the Shahmoons were enabled to elect all officers and directors of the corporation, and it is the use of such power allegedly to enrich themselves at the expense of their corporation by means of the issuance of allegedly improper convertible notes and stock options which is the gravamen of the present action. Significantly, Messrs. Cohen and Iny are not named as individual defendants.

In the light of the texts cited above and authorities such as *Cohen v. Miller,* 5 *N.J.Super.* 451, 68 *A.2d* 421 (which holds that one performing services for a corporation is not an officer if there is

no office corresponding to his duties provided for in the charter or by-laws), I have no doubt but that plaintiff has failed to demonstrate that Messrs. Cohen and Iny are corporate officers. However, although they are not shown to be officers, can it be said that Messrs. Cohen and Iny fall within the definition of the term managing agent?

According to *Vol. 9, Fletcher, Cyclopedia Corporations,* § 4416, a managing agent, a title which has been usually considered self-defining, has been stated to be "* * * one who has general power involving the exercise of judgment and discretion * * *". In the case of *Rubin v. General Tire and Rubber Co. Inc.* (*S.D.N.Y.*) 18 *F.R.D.* 51, it was stated that when an employee (1) is invested with power to exercise personal judgment and discretion in corporate matters; (2) may be depended on to carry out his employer's direction to testify when called upon by an adversary, and (3) is expected to identify his interests with those of the corporation rather than those of other parties, he may be considered a managing agent and not a mere employee.

In the Rubin case, however, it was not denied by defendant that the two employees who were there held to be managing agents for deposition purposes were in fact its supervising officials most familiar with the transaction in litigation. Furthermore, they negotiated the contracts in dispute and were responsible for the production and delivery of the goods ordered by plaintiff as well as for the return of allegedly defective merchandise. In the case of *Krauss v. Erie Co.* (*S.D.N.Y.*) 16 *F.R.D.* 126, also cited by plaintiff, the judgment of persons successfully sought to be examined as managing agents was relied on to bind defendants to the settlement of claims and the procuring for releases. In *Klop v. United Fruit Co.,* (*S.D.N.Y.*) 18 *F.R.D.* 310, it was established that a second mate in charge of a ship had general supervisory authority over it. See also *Fay v. U. S.* (*D.C.N.Y.*) 22 *F.R.D.* 28. On the other hand, a mere tug dispatcher was found to be not a manging agent but a subordinate employee in *Burns Bros. v. B. & O. R. R. Co.* (*D.C.N.Y.*) 21 *F.R.D.* 142. Those found to be managing agents in *Warren v. U.S.* (*S.D.N.Y.*) 17 *F.R.D.* 389 were the highest ranking officers of the federal depart-

ment involved in the matter being litigated. In *Colonial Capital Co. v. General Motors Corp. (D.C. Conn.)* 29 *F.R.D.* 514, a regional manager, who was zone manager of General Motors and as such recommended the assignment of dealerships at the time of the matter complained of, was held to be a managing agent, while two other agents sought to be examined on notice who did not have general powers to exercise judgment and discretion in dealing with corporate matters were deemed mere employees for deposition purposes.

Applying the principles of the cited texts and cases to the facts at hand, there is no doubt but that on the present record Mr. Cohen has not been shown to be a corporate officer. Furthermore, both Mr. Cohen and Mr. Iny have not been shown to possess general powers to exercise their personal judgment and discretion in dealing with the corporate acts complained of therein and therefore may not be deemed managing agents of Shahmoon Industries, Incorporated.

On notice, an order vacating plaintiff's notice of deposition of Messrs. Cohen and Iny will be entered.