**Edmund F. BURYAN, Plaintiff,**

v.

**MAX FACTOR & CO., Defendant.**

**No. 66 Civ. 1014.**

United States District Court
S. D. New York.

Jan. 24, 1967.

Feldshuh & Frank, New York City, for plaintiff, Sidney Feldshuh, New York City, of counsel.

Regan, Goldfarb, Powell & Quinn, New York City, for defendant, John J. Galgay, and Peter G. Corbett, New York City, of counsel.

MANSFIELD, District Judge.

■ The question presented by defendant's motion pursuant to Rule 30(b), F.R.Civ.P. is whether the plaintiff, a New York resident who brought this diversity suit for alleged breach of an employment contract in this district, may force the defendant corporation's five top executives to come from California, where they perform their duties at its principal executive offices in California, to New York for the purpose of having their depositions taken here by plaintiff's counsel pursuant to a Rule 26, F.R.Civ.P., notice. The circumstances call for granting defendant's motion to require that the examinations be conducted in Hollywood, California, with each party bearing its own expenses in attending the depositions.

The five officers sought to be examined constitute the top management of the defendant, Max Factor & Co., being its Chairman of the Board, Vice-Chairman of the Board, President, Executive Vice President, and its Secretary-General Counsel, respectively. They are probably the single most important group of personnel required for the overall management and operation of its business. All reside in California, operate the defendant's business at its executive offices in Hollywood and rarely come to New York, where jurisdiction was obtained by the plaintiff because of the defendant's maintenance of a sales office here. Aside from the expense and annoyance that would be involved in requiring the defendant's officials to come here for an interrogation of the usual indefinite length involved in such matters, their absence from California would cause serious problems to the company, since they are

required at its main office for day-to-day decisions of the type demanded of executives in their position. The effect of requiring them to come here for examination would necessarily be oppressive and annoying and the circumstances therefore dictate that the examinations be conducted in California. 4 Moore's Federal Practice ¶ 30.07 (1963); Deep South Oil Co. of Tex. v. Metropolitan Life Ins. Co., 21 F.R.D. 341 (S.D.N.Y. 1958).

■ Plaintiff advises that it would cause him financial hardship to bear the expense of going to California and send his counsel there and suggests that if the examinations are to be conducted in California, the defendant should be required to pay such expense. Although plaintiff's counsel implies that the plaintiff's financial plight was caused by defendant's alleged wrongful breach of his employment contract, plaintiff's own affidavit indicates that his income increased in 1965, the year when the defendant allegedly entered into the employment arrangements with him that are the subject of the lawsuit, and there is no showing as to his present financial condition. The complaint seeks damages in the amount of $1,500,000. Under these circumstances, there is no reason for the Court not to adhere to the general rule that the proper place for taking the deposition of a corporate defendant through its officers is the corporation's place of business or the residence of the officer. Deep South Oil Co. of Tex. v. Metropolitan Life Ins. Co., supra. Furthermore, the Court, in the exercise of its discretion, will not require the defendant to pay the expenses of plaintiff or of his counsel in attending or conducting the depositions in California. See Haymes v. Columbia Pictures Corp., 16 F.R.D. 119 (S.D.N.Y.1954). If the plaintiff cannot afford to take the depositions in California, he has available to him the right to propound written interrogatories to the witnesses pursuant to Rules 31 and 33, F.R.C.P., to which the answers may reveal that oral depositions would be unnecessary or fruitless. See Kurt M. Jachmann Co. v. Hartley Cooper & Co., Ltd., 16 F.R.D. 565 (S.D.N.Y. 1954); Colonial Capital Co. v. General Motors Corp., 29 F.R.D. 514 (D.Conn. 1961).

Settle order.