## OVERPECK, et ux v. PET CHEMICAL, Inc.
### No. 2973.

Circuit Court, Lake County.

October 4, 1968.

James C. Fisher of Billings & Frederick, Orlando, for plaintiffs.

William H. Robbinson of Akerman, Senterfitt, Eidson, Mesmer, Robbinson & Wharton, Orlando, for defendant.

**W. TROY HALL, Jr., Circuit Judge.**

This cause came on to be heard before the court upon motion of the defendant for a protective order pursuant to Florida Rules of Civil Procedure 1.310(b).

This is a products liability suit filed by a Lake County resident against a Florida corporation, whose principal place of business is in Dade County.

Plaintiffs sought to take the deposition of William R. Coleman, the vice president of defendant corporation at the Lake County Courthouse in Tavares, Florida. Counsel for defendant moved for a protective order. In its motion, defendant alleged that the corporation's principal place of business is in Miami Springs, and that William R. Coleman, defendant's vice president, resides in Miami. Defendant argued that it would be unduly expensive, oppressive and burdensome to require defendant's vice president to appear in Lake County and seeks an order requiring the deposition to be taken in Dade County.

At the hearing upon this motion, counsel for defendant indicated that this was a question of first impression in the state of Florida. In Ormond Beach First National Bank v. Montgomery Roof Co., 189 So.2d 239 (1st DCA 1966), it was held that the officers of the plaintiff corporation were obligated to appear in the forum county for the purpose of giving their depositions, though the officers resided in a distant county. This conclusion was premised upon the theory that having selected the forum in which to institute the action, the plaintiff must be prepared to appear in that forum if properly served with notice. *Id* at 243.

In the case at bar, plaintiff seeks to compel defendant to travel from the county of his residence to the forum county for the purpose of deposition. This situation was not presented to the court in the *Ormond Beach* case, supra, and is not the subject of any other appellate decision in this state. Therefore, this court looks to the applicable federal decisions for guidance.

The general rule prevailing in the federal courts is that the deposition of an officer of a defendant corporation is to be taken at the corporation's principal place of business or where the officer resides. See e.g. Buryan v. Max Factor Co., 41 F.R.D. 330 (S.D.N.Y. 1967). It will be presumed that defendant will be examined at his residence or place of business. This, of course, is not an inflexible rule and is subject to modifications within the discretion of the court where justice requires. See generally, 2A Barron and Holtzoll, *Federal Practice and Procedure,* §713.

Counsel for defendant has objected to any deviation from the general rule and has shown good cause to support its motion. Counsel for plaintiffs has not demonstrated any special reason to deviate from the general rule, and it is the decision of this court that plaintiff must depose defendant's officers in the county of their residence.

Plaintiff argued that since defendant denied a request for admission with respect to whether defendant "manufactured" the product

in question, the cost of plaintiff traveling to Miami in order to prove this fact should be borne by defendant pursuant to Florida Rules of Civil Procedure 1.380(c). The court is of the opinion that this question is premature at this time and therefore reserves ruling upon same.

Further, it was stipulated and agreed between counsel that plaintiff be allowed to file his amended complaint and that defendant should have twenty days from the date of this order to reply thereto.

Therefore, having heard argument of counsel and being otherwise advised in the premises, it is ordered and adjudged — (1) Defendant's motion for protective order is granted, and (2) Plaintiffs' motion for leave to file their amended complaint is granted and said amended complaint is deemed filed as of this date, and defendant shall have twenty days from the date of this order in which to file a responsive pleading.