INTERCONTINENTAL FIBRES, INC.
v.
UNITED STATES.
C.R.D. 72–27, Court No. 70/41971.

United States Customs Court.
Dec. 18, 1972.

Rode & Qualey, New York City (Peter Jay Baskin, New York City, of counsel), for plaintiff.

Harlington Wood, Jr., Asst. Atty. Gen. (Andrew P. Vance, Chief, Customs Section, Herbert P. Larsen, New York City, trial atty.), for defendant.

*Opinion and Order Re: Plaintiff's Motion For Leave to Take a Deposition by Oral Examination*

WATSON, Judge:

Plaintiff has moved, pursuant to Rule 7.3 of the Rules of this Court,[1] to "depose the United States through its agent, Import Specialist, J. C. Ellis" upon oral examination in Norfolk, Virginia as well as for the production at that examination of all documents[2] and tangible things in his possession relating to the classification of the merchandise at issue and the classification of yarns of grouped filaments under Items 310.-01, 310.02, 309.30 and 309.31 of the Tariff Schedules of the United States.

■■■ Defendant opposes the motion on a number of grounds, the first of which is technical and may be disposed of briefly. Defendant contends in effect that if it is the intention of the plaintiff to depose an agency or bureau of the United States, pursuant to the provisions of Rule 7.3(b)(4) it must leave the designation of the person who will testify to the deponent in the manner provided in said Rule. I do not agree. The provisions of Rule 7.3(b)(4) were simply intended to benefit a party which knew reasonably well what it was seeking to discover but could not name the particular person in the organization who could supply the desired information.[3] If, on the other hand, the party seeking discovery can name the individual in the organization whose testimony is sought, and that individual is in a position to speak for the organization, the party can proceed under Rule 7.3(b)(2) (deposition of a party).

■ On this point, however, I doubt whether the moving party in this instance can term its desired deposition a deposition of the "defendant". Theoretically, if the deposition of the Import Specialist is of a party, a subpoena is not needed to compel his attendance and a subpoena duces tecum need not be used to obtain the desired documents. The deposition of a party can also be used more freely than that of a witness. In this regard, I think a distinction must

---

1. The relevant portions of Rule 7.3 are as follows:

    (a) *When Depositions May Be Taken:* After an answer is filed and by leave of court upon motion, any party may take the testimony of any person, including a party by deposition upon oral examination. The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 10.1.

    (b) *Notice of Examination: General Requirements; Special Notice; Production of Documents and Things; Deposition of Organization:*

    (1) A party desiring to take the deposition of any person upon oral examination shall file a motion therefor. The motion shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs. If a subpoena duces tecum is to be served on the person to be examined, a designation of the materials to be produced thereunder shall be attached to or included in the motion.

    (2) A motion to take the deposition of a party may be accompanied by a request for the production of documents and tangible things at the taking of the deposition.

    (3) The court may, for good cause shown, enlarge or shorten the time for taking the deposition.

    (4) A party may in his motion name as the deponent a public or private corporation or a partnership or association or a department or agency of the United States, or a bureau, division or section of any such department or agency, and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons duly authorized and qualified, to testify in its behalf as to matters known or available to the organization. This subparagraph (b)(4) does not preclude taking a deposition by any other procedure authorized in these rules.

2. These include foreign reports, correspondence, books, reports and related Bureau rulings.

3. See generally, 4A Moore's Federal Practice ¶ 30.57 [8].

be drawn between employees of a governmental agency and those who may be regarded as spokesmen for the agency.[4] Insofar as I am aware of the duties of the Import Specialist, important as they may be to the issues in this case, they do not vest in him the formal ultimate decision-making authority which is the hallmark of those who can be considered as speaking for a given organization.[5]

Since the thrust of the proposed discovery is in actuality directed at the Import Specialist and since the motion is proper in all other respects, I will treat it as a motion to take the deposition of "any person" under Rule 7.3(b)(1) and proceed accordingly.[6] Such a motion requires a subpoena duces tecum to compel attendance and the production of designated materials and the resulting deposition should be treated as a deposition of a witness who is not a party.

■ In sum, the party seeking discovery can name the individual whose testimony it seeks and treat that testimony as the deposition of the opposing party if the individual holds a position which, by its nature, authorizes him to speak for his organization or is designated as a spokesman by the organization.

The remaining grounds on which defendant opposes the motion are as follows: that plaintiff has not attempted less expensive and burdensome methods of discovery; that no showing of good cause has been made to justify deposition by oral examination at a significant distance from the court and that no provision has been made in plaintiff's proposed order for it to bear the costs and expenses of defendant's counsel attending the proposed deposition.

■ I do not consider these grounds as proper in opposition to this motion. I read Rule 7.3 as requiring what is in the nature of an informative motion. Such a motion is properly made if it contains the information set out in Rule 7.3(b)(1), namely, the time and place for taking the deposition and the name and address of each person to be examined (or a general description sufficient to identify the person) or the information required by Rule 7.3(b)(4). This motion constitutes a notice of examination as well and, if it contains the named particulars, leave of the court should be granted. The only appropriate grounds for opposition are the absence of any of the named particulars.

■ I would consider any other interpretation of Rule 7.3 as contrary to its explicit provisions, as creating an unwarranted distinction between the availability of this method of discovery and others and as being in marked disharmony with the tendency in modern federal practice towards the untrammeled availability of the tools of discovery.[7]

The requirement for leave of the court in this situation has no parallel in the federal rules[8] and as between its representing a formal notice requirement or a complete departure from general federal practice, I must choose the former.

---

4. Cf. Burns Bros. v. The B & O No. 177 & The B & O No. 179, 21 F.R.D. 142, 144 (EDNY 1957). See generally, Wright & Miller, Federal Practice & Procedure: Civil 62103.

5. Of course, a designation by the organization of a certain employee, such as under Rule 7.3(b)(4), would make his testimony that of the party regardless of his normal authority.

6. Defendant's connected objection that the motion lacked sufficient particularity as to the matter on which examination is requested is similarly without merit since defendant, in response to this motion, need not designate a person to testify.

7. Even if it were possible to view Rule 7.3 as requiring a showing of "good cause" by the moving party (something unlikely in view of the absence of that phrase). I would consider as entirely adequate a showing that the circumstances are such as to " . . . give the court reason to expect that the beneficial objectives of pre-trial discovery will be achieved." Crowe v. Chesapeake & Ohio Ry. Co., 29 F.R.D. 148, 150–151 (D.C.Mich.1961). See also, United Air Lines, Inc. v. United States, 26 F.R.D. 213, 216–217 (D.C. Del.1960). Cf. Wright & Miller Federal Practice and Procedure: Civil § 2205.

8. See Wright & Miller, § 2104.

■ All this is not to say that the substance of defendant's objections are unimportant. It does mean, however, that they are relevant, not to this motion, but to a possible motion for a protective order under Rule 6.1(c) [9]. That rule is the one to which a party or person must turn if its objections to the discovery sought are other than technical.

Since sufficient information has been presented in the motion papers and in conference with the parties to enable me to examine this matter in a complete manner and since considerations of justice and fairness demand the resolution of this dispute in as efficacious a manner as possible, I will treat defendant's opposition as if it were a cross-motion for a protective order. This will also enable me to express, at the outset, what I feel are certain basic guiding principles in deciding whether to issue a protective order.

Of the stated grounds for a protective order, the one to which defendant's objections seem most closely related, is that the discovery sought will cause the defendant "undue burden or expense." Of the possible protective measures under these circumstances, I discern three: forbidding the discovery sought, providing for a method of discovery other than that selected, or changing the terms and conditions of the requested discovery.

■ The issuance of a protective order requires a balancing of numerous conflicting considerations and the burden of showing an adequate reason is clearly on the party seeking protection.[10] Foremost among the relevant considerations, is the right of a party to obtain discovery in preparation for trial. While this is not an absolute right, it must be given significant weight in view of the prevailing philosophy of modern federal procedure and the unquestioned value of discovery in promoting a well informed adjudication on the merits.[11]

Against this background, I turn to a study of the nature of the method of discovery desired, its appropriateness in relation to the purposes of the discovery, its usefulness compared to other possible methods and the general fairness of the conditions under which it is sought.

Plaintiff is seeking to depose by oral examination the Import Specialist responsible for the advisory classification of the merchandise at issue. Plaintiff wishes to take the deposition in Norfolk, Virginia, the city in which the Import Specialist works.

■ Deposition by oral examination is generally considered to be a most flexible and probing tool of discovery [12] and of particular usefulness when the witness is likely not to be fully

---

9. *Protective Orders:* Upon motion by any party or by the person from whom discovery is sought, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including, but not limited to, one or more of the following:
(1) that the discovery not be had;
(2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place;
(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
(4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters;
(5) that discovery be conducted with no one present except persons designated by the court;
(6) that a deposition, after being sealed, be opened only by order of the court;
(7) that a trade secret, or confidential research, development or commercial information not be disclosed or be disclosed only in a designated way; or
(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

10. Glick v. McKesson & Robbins, Inc., 10 F.R.D. 477, 479, 480 (D.C.Mo.1950).

11. United States v. Proctor & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958).

12. Worth v. Trans World Films, Inc., 11 F.R.D. 197, 198 (SDNY 1951).

cooperative.[13] It is also preferred when the examination is likely to be wide ranging and involve extensive related matters.[14] It appears to me that the tool of deposition by oral examination is well suited to the examination of the Import Specialist and its nature is highly appropriate in light of the identity of the witness, his employment by the opposing party, his involvement in the subject matter at issue and the strong probability of his being knowledgable in a wide range of matters relevant to this action. By the same token, it would not seem that any other "less objectionable" method of discovery could be reasonably expected to yield comparable beneficial results in as direct and efficient a manner.[15] In any event, I do not believe a party must exhaust "easier" means of discovery, before it can take oral depositions.[16] Such a requirement would be retrogressive, an impediment to free discovery which ought to be imposed only in exceptional circumstances. Thus, there may be times, such as when the discovery is for the purpose of confirming a single fact or a simple sequence of facts or compiling well-known required evidence, where the use of depositions by oral examination may be excessive. In the present instance, however, it seems perfectly suited to the requirements and potentials of the circumstances.

Finally, on the terms and conditions of the discovery, I see nothing untoward in plaintiff's desire to hold the examination in Norfolk. This certainly suits the convenience of the witness and the burdens placed on him ought not to be overlooked. Furthermore, I would think the defendant can be considered as having its convenience served by an examination in the city where its employee works, especially a defendant as "omnipresent" as the United States. I would even make an analogy here to the examination of officers and agents of a corporation which is ordinarily taken at the corporation's principal place of business.[17]

In this respect I do not think the presence of defendant's counsel in New York City gives that city any preference as the site for the examination of defendant's employee or even makes it markedly more convenient for defendant.

Finally, defendant contends that under Rule 7.8 [18] plaintiff ought to bear the costs and expenses involved in attendance of defendant's counsel at the examination. I do not agree. Rule 7.8, which requires the deposing party to bear the expenses incident to taking depositions, refers to the expenses *at the place of taking*. Defendant's approach would place an unconscionable burden on the party seeking depositions of the opposing party or a witness associated with the opposing party, as here, in a place convenient for the opposing party. It would have a chilling effect on the taking of depositions in any place in which the parties or counsel are not both located.

It is far better that in the ordinary course of events the expenses associated with travel to the place of examination be borne by each party. The assumption by one party of the entire expenses ought to be reserved for a situation where a party is forcing the oppos-

---

13. Interlego A. G. v. Leslie Henry Co., 32 F.R.D. 9 (D.C.Pa.1963).

14. Clair v. Philadelphia Storage Battery Co., 27 F.Supp. 777 (D.C.Pa.1939). See generally, Wright & Miller, Federal Practice and Procedure: Civil § 2309.

15. Goldberg v. Raleigh Manufacturers, 28 F.Supp. 975 (D.C.Mass.1939).

16. Frasier v. Twentieth Century-Fox Film Corp., 22 F.R.D. 194 (D.C.Neb.1958).

17. Buryan v. Max Factor & Co., 41 F.R.D. 330 (D.C.N.Y.1967). See also, Grey v. Continental Marketing Associates, Inc., 315 F.Supp. 826, 832 (D.C.Ga.1970); Connell v. Biltmore Security Life Insurance Company, 41 F.R.D. 136, 137 (D.C. S.C.1966).

18. All costs, charges, and expenses incident to taking depositions shall be borne by the party making application for the same unless otherwise provided for by stipulation or order of the court.

ing party to undertake undue burdens or expenses. In other words, the same conditions which would justify a protective order would justify assigning the entire costs of a deposition to one party. In such circumstances the courts have often given the party requesting a deposition by oral examination the choice of using written interrogatories or paying the other party's expenses. When this situation arises, there is a choice between the granting of a protective order modifying the form of discovery or granting the desired oral examination at a greater expense to the deposing party.[19]

This standard of assigning the payment of traveling expenses is one which should encourage the parties to settle these matters among themselves and apply to the court for assistance only when the degree of expense and burden placed on one party is one which would justify a protective order. In the present situation the expenses and burden of defendant are not excessive in view of the propriety of the oral examination and the convenience of its terms and conditions. It is therefore clear to me that the defendant should defray the expenses of its counsel herein.

I note in concluding that based on the court's conferences with counsel for the parties, an acceptable alternative to holding the examination in Norfolk may be to hold it in New York. I will not, however, modify plaintiff's request on this point, because such a modification should result only from a finding that undue burden or expense has been placed on defendant by the request for examination in Norfolk. It must be recognized however, that the *total expenses of both parties* would be less if the examination were held in New York. This should perhaps encourage the parties to enter into a suitable stipulation as to the place of examination but it cannot be used to support the motion of one party for a protective order. Such a motion must rest on the need for protection of the *party seeking protection*, a need which has not been shown here.

In sum, as a court of national jurisdiction with cases arising all over the country whose evidentiary requirements are frequently national or international in scope, there are bound to be instances in which we will have to rule on the propriety of discovery involving the movement of parties, witnesses and attorneys over long distances. The only workable method I can see to regulate the possible abuses and hardships arising in this area lies in the use of Rule 6.1(c). The party opposing discovery must seek a protective order and must show that the discovery being sought will cause deleterious consequences to it of a nature serious enough to warrant the court's acting counter to the prevailing philosophy of free discovery.

For the above reasons, it is

Ordered that the motion for an order to depose Import Specialist J. C. Ellis hereby is granted, and it is further

Ordered that said Import Specialist J. C. Ellis be directed to appear at 2:00 P. M. on January 3, 1973 at the offices of E. L. Vanderberry in Room 645 of the Law Building, Norfolk, Virginia upon service of a subpoena, pursuant to Rule 10.1(a) and 10.1(b) of the rules of the Customs Court, as amended, to be examined by plaintiff's counsel, regarding matters relevant to the issues herein, and it is further

Ordered that, upon service of said subpoena Import Specialist J. C. Ellis bring with him all documents and tangible things in his possession, relating to the classification of yarns of grouped filaments under Items 310.01, 310.02, 309.30, and 309.31, Tariff Schedules of the United States, generally, and all documents and tangible things in his possession, relating to the classification of the merchandise covered by entries WH 106405 of December 27, 1968 and WH

---

19. In the Matter of China Merchants Steam Navigation Co., 259 F.Supp. 75 (D.C.N.Y.1966). See, Wright & Miller § 2309, § 2112. See also, 4 Moore's Federal Practice ¶ 26.70 [1–2], ¶ 26.70 [1–3], ¶ 26.71.

960

106359 of December 26, 1968, and it is further

Ordered that the plaintiff cause to be served a subpoena upon Import Specialist, J. C. Ellis at least five working days prior to the date of examination, and it is further

Ordered that the Clerk of the Court shall, at the plaintiff's expense, prepare and forward certified copies of the official entry papers for entries WH 106405 and WH 106359 contained in Court file 70/41971, for the plaintiff's use in deposing Import Specialist J. C. Ellis, and it is further

Ordered that plaintiff provide its own reportorial service at its own expense.